## JEMISON vs. THE SOUTHWESTERN RAILROAD.

1. A dog is not property, except in a qualified sense, either at common law or under the statutes of this state. The owner may maintain an action of trespass vi ct armis for the wanton and malicious killing of his dog, but he cannot maintain case for its unintentional, though negligent, destruction; and where a dog was killed by a railroad train, a presumption did not arise against the company, as in cases of injury to persons or property.

2. The facts in this case showed that no exercise of care on the part of the employés of the railroad would have averted the death of the dog, and a non-suit was proper.

December 1, 1885.

Railroad. Dogs. Property. Before Judge SIMMONS. Bibb Superior Court. April Term, 1885.

Reported in the decision.

S. H. JEMISON, *in propria persona*, for plaintiff in error.

LYON & GRESHAM, for defendant.

HALL, Justice.

This was an action on the case to recover damages from the railroad company for negligently running its engine and train of cars over and killing a pointer dog belonging to the plaintiff. At the trial, the court, on motion, non suited the case, as it seems, upon two grounds: 1st. Because dogs are not property in the general or legal acceptation of that term, so as to entitle the owner to maintain a suit for their destruction or injury by negligence, especially where the defendant is a railroad company, and the alleged damage results from the running of its locomotive or cars, or the use of other machinery belonging to it; and in the case of a dog, the ordinary presumption does not arise that the injury, upon the fact being shown, was the consequence of a want of ordinary care and diligence on its part. 2d. Be-

cause the facts in the case show that the killing of the dog could not have been avoided by the use of all ordinary care and diligence on the part of defendant's employés in charge of the train, he having jumped upon the track so near to the train that it was impossible to check its speed and to prevent its running over and killing him.

1. That a dog is not property, except in a qualified and restricted sense, and for certain specified purposes, is undoubtedly true, both at the common law and under our statutes. That the owner, by the common law and under our Code, may maintain trespass *vi et armis* for wantonly and maliciously killing his dog, is not questioned, but it is equally clear by that law that he could not maintain case for its unintentional, though negligent, destruction. By that law, such an animal is not the subject of larceny, and slander could not be brought upon a charge of stealing a dog. By an express provision of our statute, however, all " domestic animals fit for food, and also a dog," are made " subjects of simple larceny." Code, §4402. Dogs are not generally the subjects of taxation. The constitution of 1877, Code, §5181, after declaring that taxation shall be *ad valorem* on all property within the limits of the state subject to be taxed, and that the tax shall be levied and collected under general laws, empowers the general assembly to " impose a tax upon such domestic animals as from their nature and habits are destructive of other property," and this, with other particular and special taxes enumerated, is set apart and appropriated for the support of common schools. *Ib.*, §5206. Dogs are not property in such a sense as makes them assets belonging to the estate of a deceased person, and are never inventoried and appraised, however numerous or valuable, nor are they subject to levy and sale, so far as we are informed. Railroad companies are held liable to the owner for any damage done to live stock or other property by the running of cars, locomotives or other machinery upon their roads, under §3042 of the Code, and by §3033 thereof, the damage

must be done in like manner and by the same means, "to persons, stock or other property," in order to raise this liability; and as the presumption of negligence is in all cases against them, the burthen is put upon them of showing that their employés were in " the exercise of all ordinary and reasonable care and diligence " at the time the damage was done, to relieve them from the consequence of the act.

A like rule prevails in South Carolina as to the kind of property damaged and the conditions of the liability incurred thereby, and the question raised here came before the Court of Appeals of that state in Wilson *vs*. The Wil. & Man. R. R. Co., 10 Rich. L. R., 52, in the year 1856, and was, by a unanimous court, composed of able and distinguished judges, adjudged adversely to the plaintiff. They held that, while a *prima facie* case of negligence was made out against a railroad company when it was shown that cattle, pasturing on unenclosed land, were killed by the running of its trains, yet that this rule does not apply where the animal killed was a dog. We are satisfied both with this result and the reasoning by which it was sustained; it is precisely in point, and leaves nothing to be added.

Dogs seem to have no market value, and the rule of damages in the case of live stock killed by the running of trains could not be applied to them. In case of their wanton and malicious killing or injury, a different rule for ascertaining damages obtains; the act is one which may be compensated by general or exemplary damages.

2. It is evident from the facts in this case that no exercise of care on the part of the employés of the defendant would have availed to have averted the calamity to this valued pointer dog.

Judgment affirmed.