No. 15,591.

## THE STATE v. GILES.

ANIMALS.—*Cruelty to.*—*Mutilation of Dog.*—*Prosecution Under Act of 1889.*—
Section 2101, R. S. 1881, relative to cruelty to animals, was repealed
by the act of March 11th, 1889. (Elliott's Supp., section 329 *et seq.*)
Under the later act a prosecution may be maintained for the mutila-
tion of a dog. It is broad enough in its terms to include dogs not listed
for taxation as well as those that are listed.

SAME.—*Affidavit.*—*Not Necessary to Describe Injury.*—In a prosecution by
affidavit and information, for the mutilation of a dog, it is not neces-
sary to describe the injury in the affidavit. The statute does not do so,
and it is sufficient to follow the language of the statute, unless some
sufficient reason exists for greater particularity.

From the Sullivan Circuit Court.

*L. T. Michener*, Attorney General, *W. C. Hultz*, Prose-
cuting Attorney, and *O. B. Harris*, for the State.

*J. T. Hays* and *H. J. Hays*, for appellee.

BERKSHIRE, C. J.—This is a prosecution by affidavit and
information charging the mutilation of a dog.

The court, on the defendant's motion, quashed the affi-
davit.

From the judgment of the court sustaining the said mo-
tion this appeal is prosecuted. There are two objections
made to the affidavit.

The first objection depends upon whether or not the affi-
davit is grounded upon section 2101, R. S. 1881.

The second objection is that the affidavit does not state
facts sufficient to constitute a public offence.

The first objection involves two propositions: 1. Has
later legislation repealed said section 2101? 2. If later leg-
islation has not repealed the said section, has it so limited
its operation as to exclude the mutilation of dogs?

We think this section was superseded by the act of 1889
(Elliott's Supp., section 329 *et seq.*), and hence the second
proposition is wholly immaterial; nor is it material to de-

The State v. Giles.

termine whether or not it was repealed by subsequent legislation antecedent to the passage of the act of 1889.

The act of 1889 covers the entire subject embraced in section 2101, *supra*, is much broader in its scope and more exact in its provisions. The later act has quite a sweeping repealing clause coupled with it.

When we consider the subject of the two acts, the repealing clause coupled with the later act, the intention of the Legislature is very manifest. Within the scope of the older act the two statutes run parallel. There was no offence known to the old law that is not included in the new.

It is clear, we think, that the Legislature intended to supersede the act of 1881 when it enacted the act of 1889. No good purpose could be subserved by keeping the old law upon the statute book. But for the act of 1889 we are not prepared to state how far the penal laws of the State afford protection to dogs not listed for taxation. We have not regarded the question as material, and have not considered it. The act of 1889 was in force when this prosecution was instituted, and was the only statute in force upon the subject to which the charge in the affidavit relates, and therefore must be regarded as the statute upon which the affidavit rests. If other statutes are inconsistent with it they are expressly repealed. This statute is broad enough in its terms to include dogs not listed for taxation as well as those that are listed. We must keep in mind the fact that the subject of the act is cruelty to animals.

The enacting clause contains no exceptions. Elliott's Supplement, section 335, defines the word " animal," as employed in the statute, as follows: " In this act, the word ' animal,' or ' animals,' shall be held to include all brute creatures and all domestic fowls."

Whatever of the animal creation may not be embraced in the statute it is evident that dogs are embraced therein. The dog is not only a domestic animal, but is one to which

ordinarily the master is as much attached as any other, unless it be the horse.

We do not think that it was necessary to describe the injury. The statute does not do so, and ordinarily it is sufficient to follow the language of the statute.

This is so, unless some sufficient reason exists for greater particularity.

We can imagine no sufficient reason in this case, and none has been suggested, to bring it within the exception. The affidavit states the means employed in the commission of the act, and with this averment the defendant is as fully apprised of the charge which he is called upon to meet as though the the injury was fully described. *Eastman* v. *State*, 109 Ind. 278; *State* v. *Miller*, 98 Ind. 70; *Payne* v. *State*, 74 Ind. 203; *Smith* v. *State*, 85 Ind. 553; *State* v. *Baltimore, etc., R. R. Co.*, 120 Ind. 298.

This court held, long ago, that it was not necessary to describe the wound in an indictment for murder. *Cardell* v. *State*, 22 Ind. 1; *Whelchell* v. *State*, 23 Ind. 89; then why is it necessary in a mere misdemeanor? Our conclusion is not in conflict with *State* v. *Bruner*, 111 Ind. 98.

The court erred in quashing the affidavit and information.

Judgment reversed, with costs, with direction to the court below to overrule the motion to quash the indictment.

Filed Sept. 19,1890.