## WILCOX v. THE STATE.

Inasmuch as there can be no doubt that the words "domestic animals," as used in that clause of the constitution authorizing the General Assembly to "impose a tax upon such domestic animals as, from their nature and habits, are destructive of other property," were intended to refer to dogs, it follows inevitably that the dog is classed by the fundamental law of the State as "a domestic animal"; and therefore an act of cruelty to a dog is indictable under section 703 of the Penal Code.

Submitted May 17, — Decided June 11, 1897.

Certiorari. Before Judge Smith. Wilcox superior court.
March term, 1897.

*Cutts & Lawson*, for plaintiff in error.
*Tom Eason, solicitor-general*, and *M. E. Land*, contra.

FISH, J. An accusation in the county court of Wilcox county
charged B. F. Wilcox with the offense of cruelty to a domestic
animal, under section 703 of the Penal Code, which provides that,
"Every person who shall instigate, engage in, or do anything in
furtherance of an act of cruelty to a domestic animal, shall be
punished as for a misdemeanor." The animal alleged to have
been cruelly treated was a dog. The accused demurred to the
accusation, on the ground that a dog is not a domestic animal.
The demurrer was overruled, and this ruling was sustained
upon certiorari; whereupon the accused excepted. The sole
question made, therefore, is, whether a dog is a domestic ani-
mal. There is some conflict in the decisions of the courts of
the different States on the subject; but the decided weight of
authority seems to be that a dog is a domestic animal. Some
of the leading cases so holding are: State *v.* McDuffie, 34 N. H.
526; Hurley *v.* State, 30 Tex. App. 333; State *v.* Giles, 125
Ind. 124; Dodson v. Mack, 4 Dev. & B.·(N. C.) 146, and Shaw
*v.* Craft, 37 Fed. Rep. 317. The case of *Patton v. State*, 93 *Ga.*
111, is cited by counsel for plaintiff in error as authority that
a dog is not a domestic animal. The sole point decided in
that case was, that section 729 of the Penal Code, which is in
these words: "All other acts of willful and malicious mischief
in the injuring or destroying any other public or private prop-
erty not herein enumerated, shall be a misdemeanor," does not
apply to injuring or killing animals of any kind, and therefore
the willful and malicious killing of a dog is not an indicta-
ble offense under that section. The discussion by Justice Lump-
kin in that case as to whether or not a dog was property, while
quite interesting, was not necessary for the determination of
the question as ruled. This court in *Graham* v. *Smith*, 100
*Ga.* 434, held that: "The owner of a dog has such a property
in it as will enable him to maintain an action of trover for its
recovery in case of its wrongful conversion." Whatever the

status of the dog may be elsewhere, we think the fundamental law of this State classes it as "a domestic animal," in that clause of the constitution (Civil Code, § 5883) authorizing the General Assembly to "impose a tax upon such domestic animals as, from their nature and habits, are destructive of other property." There can be no doubt that the words "domestic animals," as there used, were intended to refer to dogs; and therefore an act of cruelty to a dog is indictable under section 703 of the Penal Code; and there was no error in overruling the certiorari.

*Judgment affirmed.  All the Justices concurring.*