## SALLEY v. MANCHESTER AND AUGUSTA R. R. CO.
## ZEIGLER v. SAME.

DOGS—PERSONAL PROPERTY.—There is such a species of property in dogs as will support a civil action for their injury or loss. *Wilson v. R. R.,* 10 Rich., 52, *distinguished from this and explained.*

Before WATTS, J., Orangeburg, September, 1897. Reversed.

Action by David J. Salley against Manchaster and Augusta Railroad Company, and by John A. Zeigler against same. From judgment sustaining demurrer in both cases, plaintiffs appeal.

31—54

*Messrs. Henry H. Brunson* and *Ilderton W. Bowman,* for appellants, cite: *Rule of evidence is shifted in cases of negligent killing of dogs from that laid down in Danner's case:* 78 Tex., 300. *Dogs are subject of larceny in this State:* 15 Rich., 362. *And in many other States:* 41 Am. Rep., 599.

*Messrs. Moss & Lide,* contra, cite: 10 Rich., 52. *There is only a bare property in dogs:* 166 U. S., 698; 100 Mass., 136. *Certain kinds of dogs may be killed as public nuisances:* Rev. Stat.1852. *And sheep-killing dogs:* 15 Rich., 240.

March 23, 1899. The opinion of the Court was delivered by

MR. JUSTICE JONES. These actions were to recover damages for the negligent running over and killing of plaintiffs' dogs by the cars of the defendant company. The appeals are from an order sustaining a demurrer in each case, that the complaint did not state facts sufficient to constitute a cause of action, in that there is not such property in dogs that a railroad company is liable for killing upon its track. The only question presented is whether this ruling was error.

There is no doubt that by the common law one may have such property in a dog as the law will protect by a civil action. Blackstone said: "As to these animals, which do not serve for food and which, therefore, the law holds to have no intrinsic value, as dogs of all sorts, and other creatures kept for whim and pleasure, though a man may have a base property therein and maintain a civil action for the loss of them, yet they are not of such estimation as that the crime of stealing them amounts to larceny." 4 Comm., 235. Kent says: "Animals *ferae naturae,* so long as they are reclaimed by the art and power of man are also the subject of a qualified property; but when they are abandoned, or escape, and return to their natural liberty and ferocity,

without the *animus revertendi,* the property in them ceases. While this qualified property continues, it is as much under protection of law as any other property, and every invasion of it is redressed in the same manner." In the case of *Sentell* v. *New Orleans &c. C. R. Co.,* 17 Sup. Ct. Rep., 694, the Supreme Court of the United States said: "By the common law, as well as by the law of most if not all of the States, dogs are so far recognized as property that an action will lie for their conversion or injury," citing cases. Whether dogs in this State may be the subject of such complete property as will make the stealing of them larceny, or whether dogs are within the words, "or other personal property," "the goods and chattels of another," in the statute punishing malicious mischief to certain animals, has not yet been expressly decided. As to larceny of a dog, see *State* v. *Wheeler,* 15 Rich., 362, and as to malicious mischief, see *State* v. *Trapp,* 14 Rich., 203. It is unnecessary to a decision of this case that we should now express an opinion on these matters, since a qualified property in dogs will support a civil action under the common law, and this principle is recognized as undisputed in both cases cited. The Circuit Court's ruling was based on the case of *Wilson* v. *R. R. Co.,* 10 Rich., 52, but that case merely decides that the rule in Danner's case, 4 Rich., 329, that a *prima facie case* of negligence is made out against a railroad company, where it is shown that *cattle* pasturing on unenclosed land are killed by the train of the company, does not apply where the animal killed is a dog. That case, it is clear, does not touch the question whether there is such property in dogs as will support a civil action for their injury or loss, but relates merely to the burden of proof on the question of negligence. In this case, the complaint alleged negligence, which the demurrer admits, hence the rule of evidence in establishing negligence in killing plaintiff's dog is not involved in this question. In this connection it may be also noted that the demurrer admits the allegation of plaintiff's *ownership* and *possession* of the

fox and deer hound of the *value* of $70 at the time of the negligent killing thereof by defendant. So, under the pleadings, defendant's negligence has deprived plaintiff without his fault of a thing of value. Is it possible that in such case there is no redress? Section 1702, General Statutes, recognizes ownership in dogs, by providing that the owner or custodian shall pay for sheep killed by his dogs; and in section 1701, any person is permitted to kill any dog in the act of worrying or destroying sheep, and for such killing there is no redress, civil or criminal; but the implication is that there may be an unlawful killing of a dog, otherwise such legislation is absolutely useless. But the most potent fact in reference to the question whether in this State there is any statutory recognition of property in dogs, is the fact that they are taxed by the State for revenue. Under the tax act, dogs must be assessed as personal property, according to their number and value. There is a practice of assessing each dog at $5 as their value. Here then is legislative recognition of dogs as personal property, capable of valuation. What the law taxes as personal property it will protect as such. Without pursuing the subject farther, we cite the following cases in support of the conclusion of this Court, that there is such a species of property in dogs as will support a civil action for their injury or loss. The cases are so numerous and uniform in this direction that it is rare to find a discordant note. While in Georgia it was decided that an action would not lie against a railroad for the mere negligent and unintentional killing of a dog, *Jemison* v. *R. R.,* 75 Ga., 444, 58 Am. Rep. 476, yet in *Graham* v. *Smith,* 28 S. E. Rep., 225, it was held that the owner of a dog has such property in it as will enable him to maintain an action for trover for its recovery; and in *Wilcox* v. *State,* 39 L. R. A., 709, it was held that a dog is a domestic animal under a clause of the Georgia Constitution like that in sec. 1, art. 10, of our Constitution, authorizing a tax "upon such domestic animals as from their nature and habits are destructive to other property." In Alabama, where it is held

that a dog is not such personal property as to make it the subject of larceny, *Ward* v. *State,* 48 Ala., 161, 17 Am. Rep., 31, it is nevertheless a species of property for injury to which a civil action would lie.    *Parker* v. *Mise,* 27 Ala., 480, 62 Am. Dec., 776.    See, further, *Jenkins* v. *Ballantyne* (Utah), 16 L. R. A., 689; *Nehr* v. *State* (Neb.), 17 L. R. A., 771; *Railway* v. *Stanfield,* 63 Ark., 643, 37 L. R. A., 659, and note; *R. R.* v. *Hanks* (Texas), 11 L. R. A., 383; *Heiligmann* v. *Rose,* 13 L. R. A., 272, 26 Am. St. Rep., 804; *Mayor &c.* v. *Meigs,* 1 McArthur, 53, 29 Am. Rep., 578; *Mullaly* v. *People,* 86 N. Y., 365; quoted in note to *State* v. *Brown,* 40 Am. Rep., 81; *Brent* v. *Kimball,* 60 Ill., 211, 14 Am. Rep., 35; *Harrington* v. *Miles,* 11 Kan., 480, 15 Am. Rep., 355; *State* v. *McDuffie,* 34 N. H., 523, 69 Am. Dec., 516; *Wheatly* v. *Harris,* 4 Sneed, 468, 70 Am. Dec., 259; *Heisrodt* v. *Hackett,* 34 Mich., 288, 23 Am. Rep., 529; *Ten Hopen* v. *Walker,* 96 Mich., 236, 35 Am. St. Rep., 598; *State* v. *Lymus* (Ohio), 20 Am. Rep., 772; which, while holding that a dog is not the subject of larceny, recognizes such right of property therein as is protected by civil remedies.    To this list may also be added Indiana, Pennsylvania, and Massachusetts.    *Kinsman* v. *State,* 77 Ind., 132; *Lentz* v. *Stroh,* 6 Serg. & R., 34; *Findlay* v. *Bear,* 8 Serg. & R., 571; *Cummings* v. *Perham,* 1 Metc., 555.

The judgment of the Circuit Court is reversed and the case remanded for further proceedings.