SALLEY v. MANCHESTER AND AUGUSTA R. R. CO.

ZEIGLER v. SAME.

1. NONSUIT.—There being some evidence of negligence here, nonsuit was properly refused.

2. EVIDENCE—NEGLIGENCE—MASTER AND SERVANT.—In an action for damages caused by defendant's alleged negligence, it is error to permit a witness for plaintiff to detail at a second trial a portion of the testimony of a witness of defendant, its agent and servant, given at the first trial, as to admission of alleged negligent acts by him.

3. REHEARING refused.

Before BUCHANAN, J., Orangeburg, September, 1900. Reversed.

Two actions: (1) David J. Salley and (2) J. A. Zeigler against Manchester and Augusta Railroad Company, for

damages for killing dogs. From verdict for plaintiffs, defendant appeals.

*Messrs. Moss & Lide* and *J. T. Barron,* for appellant, cite: *It is error to admit in evidence only a part of the testimony of a witness at a former trial, the witness being in the Court room:* 5 Rich., 358; 19 S. C., 354; 27 S. C., 64; 53 S. C., 448. *There is no presumption of negligence from killing a dog by railway train:* 54 S. C., 481; 55 S. C., 334; 10 Rich. L., 58; 40 F. R., 282.

*Messrs. I. W. Bowman* and *H. H. Brunson,* contra, cite: *Objection below was that the evidence was incompetent because secondary evidence of a record, and not that it was not a part of the res gestae, and the latter objection cannot be considered here:* 41 S. C., 50; 40 S. C., 533; 36 S. C., 551; 24 S. C., 499. *There being some evidence of negligence, nonsuit was properly refused:* 25 S. C., 24; 54 S. C., 484; 55 S. C., 325.

The opinion was filed July 22, 1901, but held up by order staying remittitur until

November 29, 1901. The opinion of the Court was delivered by

MR. JUSTICE POPE. The two foregoing actions were heard together in the Circuit Court and also in this Court. These cases were once before in this Court on demurrer to the complaints for failure to state facts sufficient to constitute a cause of action. By the judgment of this Court, such demurrers were overruled; 54 S. C., 481. The actions came on for trial before his Honor, Judge Buchanan, and a jury, verdicts were for plaintiffs. Motions were made for nonsuit on the conclusion of plaintiffs' testimony, and for new trials after verdict rendered. Both motions were overruled.

The defendant now appeals and as its ground for appeal suggests that the Circuit Judge erred in permitting plaintiffs' witness, Mr. D. J. Salley, to testify as to what the de-

fendant's engineer, Mr. George Wilson, had testified at the former trials as to his not having, on the evening defendant's train killed the dogs, rung his bell, sounded his whistle or turned off steam, Mr. Wilson being present in Court.    And, also, that the Circuit Judge erred in refusing to grant a nonsuit.

As to the refusal to grant the nonsuit, an examination of the record convinces us that there was some testimony as to negligence by the defendant in the evidence offered by the plaintiffs, apart from and independent of that portion of the testimony of Mr. D. J. Salley which purported to state what the engineer, Mr. Wilson, had admitted at the former trial.    So the refusal of the nonsuit must be sustained.

Let us now examine the ground of appeal, which assigns error in the ruling by the Circuit Judge whereby the witness, Salley, was allowed to state the admission in his testimony at the former hearing, by the engineer of defendant's train, which killed the dogs of the two plaintiffs, that no bell was rung, no whistle was sounded, and no steam let off to warn or frighten the three dogs from defendant's track, at, on or near the trestle.    We think this was error.    The testimony of the witness was given some time after the killing of the dogs.    It was not given as a part of the *res gestae*.    It did not even purport to give all that witness testified at the former trial.    Such testimony should not have been allowed, it being objected to by defendant before it was received.    *Aiken* v. *Telegraph Co.,* 5 S. C., 358; *Piedmont Manftg. Co.* v. *C. & G. R. R. Co.,* 19 S. C., 354; *Petrie* v. *C. & G. R. R. Co.,* 27 S. C., 64; *Garrick* v. *F. C. & P. R. R. Co.,* 53 S. C., 448.    It follows, therefore, that there was reversible error here, so far as the refusal to grant a new trial was concerned.

It is the judgment of this Court, that the judgment of the Circuit Court in both cases be reversed, and that the actions be remitted to the Court below for a new trial.

9—62

The petition for a rehearing was refused, November 29, 1901, by the following order:

PER CURIAM.   After careful consideration of this petition, we have been unable to find that any material fact or principle of law has either been overlooked or disregarded, and hence there is no ground for a rehearing.

It is, therefore, ordered, that this petition be dismissed, and that the stay of the remittitur heretofore granted be revoked.