## COLUMBUS RAILROAD COMPANY *v.* WOOLFOLK.

1. The owner of a dog may maintain an action against one who wantonly and maliciously kills or injures his dog.
2. "The value of a dog [so killed or injured] may be proved as that of any other property, by evidence that he was of a particular breed, and had certain qualities, and by witnesses who knew the market value of such animal, if any market value be shown."
3. A master is liable for the wilful torts of his servant, committed in the course of the servant's employment, just as though the master had himself committed them.

Submitted May 21,—Decided July 11, 1907.

Action for damages. Before Judge Little. Muscogee superior court. March 9, 1906.

Woolfolk brought suit to recover the value of a dog alleged to have been wilfully and wantonly killed by the running of a street-car on defendant's line of road. It is alleged that plaintiff's dog came on the track about one hundred and fifty feet in front of said car, and in full view of the motorman in charge thereof, and that said motorman immediately, and "with intent to kill said dog, increased the speed of said car, and did wilfully, wantonly, maliciously, and unlawfully run down said dog," and killed him. The defendant demurred to the petition generally as setting forth no cause of action against it, and because "said petition does not allege that said act of wantonness and malice was done under the command or with the consent of the defendant." It demurred specially to the paragraph which alleged the

value of the dog to be $200. The court overruled both general and special demurrers, and the defendant excepted.

*Garrard & Garrard* and *W. Cecil Neill,* for plaintiff in error.

*Slade & Swift,* contra.

Beck, J. (After stating the facts.)

1. "By the common law, a dog is property, for an injury to which an action will lie. Wright *v.* Ramscot, 1 Saund. 84; 2 Bl. Comm. 293." Uhlein *v.* Cromack, 109 Mass. 273; St. Louis Ry. Co. v. Stanfield, 63 Ark. 643; 2 Am. & Eng. Enc. Law (2d ed.), 347; 4 Bl. Comm. 236. As was said by the court in the case of *Graham* v. *Smith,* 100 *Ga.* 434, the property of the owner in a dog "seems to be better defined at common law than it is by the construction which this court has put upon our statutes." The decision in *Jemison* v. *Railroad Co.,* 75 *Ga.* 444, holding that a suit can not be maintained against a railroad company for the "unintentional, though negligent" killing of a dog, was affirmed in the case of *Strong* v. *Ga. Electric Co.,* 118 *Ga.* 515. In the latter case five Justices held that inasmuch as the rule in the *Jemison* case "has stood as good law since December 1st, 1885, and the General Assembly has passed no act changing the same, . . the rule should not be now changed by overruling that case." Fish, P. J., and Cobb, J., concurred in the opinion in the *Strong* case solely on the ground that it was controlled by the *Jemison* case. Cobb, J., in his concurring opinion, said: "The trend of modern decisions seems to be in favor of treating the dog as property to the same extent that other domestic animals are treated," and cites as authority the very elaborate monograph note, in 40 L. R. A. 503, to the case of *Graham* v. *Smith,* supra; also the note, in 37 L. R. A. 659, to the case of St. Louis Ry. Co. *v.* Stanfield, 63 Ark. 643. In the *Jemison* case, supra, while holding that an owner can not recover for the "negligent" destruction of his dog, the court expressly ruled that such owner "may maintain an action of trespass vi et armis for the wanton and malicious killing of his dog." Inasmuch as the killing of the plaintiff's dog in the present case is alleged to have been the result of the "wilful, wanton, and malicious" conduct of the defendant company's employee, we might safely rest our affirmance of the judgment of the court below upon the authority of the *Jemison* case. But it is contended by counsel for plaintiff in error that "The

ruling of the court in that case (that an action would lie for the wanton and malicious killing of a dog) is purely obiter dicta," and that it is not consistent with the other laws of the State. It is true that the question of the liability of the defendant for the wanton and malicious killing of plaintiff's dog was not before the court in the *Jemison* case, but we are unable to assent to the other proposition that such a rule is inconsistent with the other decisions of this court, or with any of the statutes of the State.

The case, cited by plaintiff in error, of *Moss* v. *Augusta,* 93 *Ga.* 797, the same being an action against the city for the wanton killing of plaintiff's dog by an officer of the city, was decided upon the ground that "a city is not liable for the illegal and tortious acts of its police officers." And the case of *Patton* v. *State,* 93 *Ga.* 411, holding that the wilful and malicious killing of a dog is not an indictable trespass under the Penal Code, §729, was based upon the ground that "That section relates to the injury or destruction of inanimate property, and does not apply to injuring or killing animals of any kind." In the case of *Wilcox* v. *State,* 101 *Ga.* 563, it was expressly held that a dog is a "domestic animal." Under the Civil Code, §3822, the owner is made liable for certain acts of his dog, "thus recognizing that the dog has an owner, and consequently that the thing owned is property." (People *v.* Maloney, 1 Park. Crim. Rep. 593.) Under the constitution of the State (Civil Code, §5883), dogs are treated as property, and the General Assembly is authorized to impose a tax upon them. And the Penal Code, §164, makes the dog a subject of simple larceny. And an indictment for simple larceny, even of a thing specified by statute, must allege both the ownership of the property stolen, and its value. *Davis* v. *State,* 40 *Ga.* 229; *Thomas* v. *State,* 96 *Ga.* 311. It must, therefore, be concluded that the criminal branch of the law recognizes the dog as private property, and also as a "thing of value." In the *Strong* case, supra, Cobb, J., in his concurring opinion, quotes the language of a decision rendered by the then presiding judge of the Atlanta circuit, holding that a dog was property subject to levy and sale. That question, however, has never come before this court, and is no part of the opinion in the *Strong* case; but the reasoning of the learned circuit judge there quoted is so cogent that we refer to it here as throwing a flood of light upon the question of the true status of

the dog in this State. In the case of *Graham* v. *Smith,* supra, it was held that "The owner of a dog has such a property in it as will enable him to maintain an action of trover for its recovery in case of its wrongful conversion." In the well-considered opinion it is expressly declared that a dog is property. It should also be remembered that in a trover case the plaintiff has the option of taking a verdict for the property, or a money verdict. It seems to us, therefore, that the principles enunciated in the *Graham* case control the case at bar; for it would be a strange inconsistency in the law to permit the plaintiff in a trover case to take a money verdict for the value of a dog wrongfully converted, and yet deny him the right to recover the value of a dog wantonly and maliciously killed. True, it has been held in this State that "A dog is not property, except in a qualified sense." *Jemison's* case, supra. But even under the common law, where it was likewise declared that the property in a dog was "base property," and where he was not the subject of larceny, such property was nevertheless held to be sufficient to maintain a civil action for its loss. It would appear, therefore, that the rule in the *Jemison* case, which declares that the owner can not recover for the "unintentional, though negligent, destruction" of his dog, is extremely technical, and has no sound basis to rest upon. And while this court has followed the ruling in the *Jemison* case, so far as to hold that there can be no recovery for the "unintentional though negligent" killing of a dog, we feel no desire to extend that rule. The *Jemison* case expressly recognizes that the owner may maintain an action for the "wanton and malicious killing of his dog;" and as the allegations of the plaintiff's petition bring this case squarely within the rule last announced, we hold that the petition was good as against a general demurrer.

2. The fifth paragraph of the petition alleges that "said dog was of the value of $200." Defendant demurred specially to this paragraph, on the ground that "the measure of damages would not be based upon the value of the dog, as a dog has no market value in contemplation of law." It is true that it was said in the *Jemison* case that "Dogs seem to have no market value, and the rule of damages in the case of live stock killed by the running of trains could not be applied to them. In case of their wanton and malicious killing or injury, a different rule for ascertaining dam-

ages obtains; the act is one which may be compensated by general or exemplary damages." But this was merely obiter, and is not supported by the latest and best authorities. "Large amounts of money are now invested in dogs, and they are largely the subject of trade and traffic." Mullaly v. People, 86 N. Y. 365. "It is common knowledge that many dogs have an actual commercial and market value." Strong's case, supra. The better rule, therefore, for ascertaining the measure of damages seems to be: "The value of a dog may be proved as that of any other property, by evidence that he was of a particular breed, and had certain qualities, and by witnesses who knew the market value of such animal, if any market value be shown. . . This was so at common law, yet it was held at common law that the absence of any value was the reason that prevented a prosecution for larceny of a dog." Note in 40 L. R. A. 518; and see numerous cases cited.

3. The principle announced in the third headnote has been frequently ruled by this court, and disposes of all the other assignments of error. Central Ry. Co. v. Brown, 113 Ga. 414.

Judgment affirmed. All the Justices concur.