### 3136.   GADDIS v. SOUTHERN RAILWAY CO.

There was no error in sustaining the certiorari. A suit can not be main-
    tained against a railroad company for the negligent killing of a dog,
    and there is no evidence in this case that the killing was wanton or
    malicious.   The decision is controlled by the rulings of the Supreme
    Court in *Jemison* v. *Southwestern Railroad*, 75 *Ga.* 444 (58 Am. R.
    476), and *Strong* v. *Georgia Railway & Electric Co.*, 118 *Ga.* 515 (45
    S. E. 366).

                    DECIDED APRIL 24, 1911.

Certiorari; from Floyd superior court—Judge ˙ Maddox.   De-
cember 7, 1910.

*J. F. Kelly, Eubanks & Mebane,* for plaintiff.

*Maddox, McCamy & Shumate, George A. H. Harris & Son,*
for defendant.

RUSSELL, J. Gaddis filed a suit against the Southern Railway
Company, for damages on account of the killing of a dog by the
wilful and negligent running of the defendant's train.   The jury
returned a verdict for the plaintiff, and the defendant filed a peti-
tion for certiorari.   The judge of the superior court sustained the
certiorari, and entered a final judgment in the case in favor of the
railway company, and error is assigned thereon.

According to the testimony, there was no eye-witness of the kill-
ing of the dog; and though it is perfectly plain that the dog was
killed by one of the trains of the railway company, the manner of
his death can only be derived from circumstances, and from these
circumstances it must be determined whether the railway company
is liable to the owner of the dog.   One witness heard a freight-train
of the railway company coming, and it blew several times.   He
could not see the train, but saw the smoke.   He thought something
was on the track, and, after the train had passed, went down to the
railroad, and found Mr. Gaddis' dog lying on the side of the track,
dead.   He saw where the dog had run along the track for about 10
steps, and then saw hair and blood, where it had been struck and
dragged by the train.   He did not see the train hit the dog, and
surmised that the dog must have been running a rabbit.   Another
witness heard the train blow several times, but did not see 'it kill
the dog.   He testified that the train got faster after it blew.   Both
witnesses testified that the track is straight for about 200 yards,
from the direction in which the train was going, up to where the

dog was killed, and that the engineer could have stopped the train from the time he came into sight of where the dog was killed up to the place of the killing. There was other testimony that the track was straight at the point where the dog was killed. There was also testimony as to the value of the dog.

As we view this evidence, it is not sufficient to support the inference that the death of the dog was due to negligence; and it is certainly insufficient to establish that the dog was wantonly or maliciously killed by the running of the train. Therefore we conclude that the judge of the superior court very properly sustained the certiorari. The dog appears to have run only about 10 steps on the track before he met his death. The testimony that he was running a rabbit seems to be based upon a mere conjecture, for the witness states that he was not at a place where he could see the train, the dog, or the supposed rabbit. But, granting that the dog was in hot pursuit of a rabbit, he was perhaps so deeply engrossed in the instinctive love of the chase that he was oblivious of his surroundings and unduly negligent of his own safety; and it is possible he ran upon the track in front of the engine when it was too late for the engineer to stop the train, even if he saw him. But, be that as it may, it must be remembered that in the case of the killing of a dog no presumption of negligence arises from the mere fact of the killing itself. *Jemison* v. *Southwestern Railroad*, 75 Ga. 444 (1). And under the evidence in this case a finding in favor of the plaintiff would not have been justified, even if there could be a recovery for negligent killing of the dog; for the reason that the plaintiff failed to show that the servants of the defendant company were negligent.

The learned counsel for the plaintiff, reasoning from the fact that a dog may be levied on and sold to satisfy the debt of his owner (*Vaughn* v. *Nelson*, 5 Ga. App. 105, 62 S. E. 708), and that a dog is a subject of taxation, asks: "Why should not the courts of Georgia hold straight out that a recovery may be had for the negligent killing of a dog?" This court is controlled by the decisions of the Supreme Court as precedents, and therefore our reply must naturally be taken from the ruling in the *Jemison* case, supra, reiterated in *Strong* v. *Georgia Railway & Electric Co.*, 118 Ga. 515 (45 S. E. 366). For further answer, we refer all who are interested in the subject to the General Assembly, as Judge Cobb did in de-

livering the opinion in the *Strong* case. The question of recovering the value of a dog which has been negligently killed is absolutely foreclosed by prior adjudications to which we have referred, and hence the trial judge could only determine whether the evidence was sufficient to establish that the dog was wantonly killed.

Omitting any consideration of the fact that in the summons which brought the defendant into court at Popskull it was charged only with killing a black bloodhound by the wilful and negligent running of its train, and not with having killed him wantonly and maliciously (for that point does not appear to have been raised by demurrer), the single question, under the evidence, is whether the evidence, in any view of it, is sufficient to show that the dog was wantonly killed. The blowing of the whistle, which appears to have been so unusual in its character as to attract the attention and presence of the witnesses, would seem to indicate that the agents of the company, if they saw the dog, used all ordinary diligence to arrest his attention, and to drive him from the track to a place of safety. On the other hand, if the servants of the railroad company did not see the dog (and there is no evidence that they did), of course they could not be said to have wantonly killed him. Although there is testimony that the point where the dog was killed could be seen at a considerable distance by the engineer, there were no tracks of the dog on the railroad track, except for about 10 steps, and no circumstances from which it is to be inferred that it was more likely that the dog was on the railroad track at a time when the engineer could have seen him than that he ran upon the track and made these few steps when the engineer did not see him, or when, if he did see him, it was impossible to stop the train.   *Judgment affirmed.*