3980.  ALABAMA GREAT SOUTHERN RAILROAD CO. *v.* CURETON.

This case is controlled by the decisions of the Supreme Court in *Jemison* v. *Southwestern Railroad,* 75 *Ga.* 444 (58 S. E. 476), and *Strong* v. *Georgia Railway & Electric Co.,* 118 *Ga.* 515 (45 S. E. 366), holding that a suit can not be maintained against a railroad company for the negligent killing of a dog. For this reason (though perhaps there should be legislation to the end that dogs should be treated as property, just as other domestic animals), the court erred in charging the jury that the plaintiff was entitled to recover.

DECIDED APRIL 16, 1912.

Action for damages—appeal; from Dade superior court—Judge Fite. January 1, 1912.

*Foust & Payne,* for plaintiff in error. *J. P. Jacoway,* contra.

RUSSELL, J. It appears, from the record, that the trial judge, in passing upon the defendant's motion to award a nonsuit, said: "The status of a dog should be determined in Georgia, as well as anything else. I am going to charge the general section, that they [meaning the railroads] must use all ordinary and reasonable care and diligence. I am going to put them upon the same basis

as a hog, or other property, and get it before the court and let it be settled. I am going to charge the presumption is against you, and when the killing is shown, the presumption is that you were negligent." In accordance with this view of the case, the only question submitted by the judge to the jury was as to the value of the dog which was shown to have been killed by a train of the defendant company.

As very clearly intimated in the opinion in *Nelson* v. *Vaughn,* 5 *Ga. App.* 105 (62 S. E. 708), this court would be inclined, if the question were an open one, to rule as the trial judge did, that the owner of a dog whose death was due to negligence could recover its value. In fact, we think this is in accord with the rational trend of modern authority. If the question had not been foreclosed by adjudications of the Supreme Court, we should not reverse the judgment refusing a new trial, although the judge practically directed the verdict; for there is no special assignment of error based upon the ground that the verdict was directed. But the question is not an open one, and, under the constitutional amendment creating this court, we are bound by the decisions of the Supreme Court as precedents. It was expressly ruled in *Jemison* v. *Southwestern Railroad,* 75 *Ga.* 444 (58 S. E. 476), that the owner of a dog can not maintain case for its unintentional, though negligent, destruction, and that where a dog is killed by a railroad train, a presumption does not arise against the company, as in case of injury to person or property. This ruling was reaffirmed by the Supreme Court in *Strong* v. *Georgia Railway & Electric Co.,* 118 *Ga.* 515 (45 S. E. 366), and it would be useless to ask the Supreme Court to review and overrule the decision in the *Jemison* case, for in the *Strong* case, supra, that court expressly refused to overrule the decision in the *Jemison* case, for the reason that it had stood as good law since December 1, 1885, and the General Assembly had passed no act changing it. Individually we concur in the opinion of Justice Cobb in his special concurrence in the *Strong* case, as well as the opinion of the trial judge in the case at bar, that there is no good reason why the dog should not have the same status before the law as the hog, the barnyard fowl, or any other domestic animal usually found about homes and barns; but we are bound by the precedent, and until the legislature sees fit to enact a statute to the contrary of the ruling in

the *Jemison* case, there can be no recovery for destruction of a dog in Georgia, caused by negligence, unless it be so great as to amount to wilfulness and wantonness. See *Gaddis* v. *Southern Ry.*, 9 *Ga. App.* 272.

In the present case there was no evidence that any of the servants of the defendant company saw the dog, or any other circumstance to indicate that the dog was wantonly and intentionally killed, and in fact the evidence as to the speed at which the train was running shows conclusively that it would have been practically impossible to stop the train at the point where the dog was killed. And the trial judge recognized this, because he did not take the view that the killing was wanton and intentional. His view of the law was that the usual presumption of negligence attached upon proof that the dog was killed by the running of the train, and that there could be a recovery based upon negligence. The rulings in the *Jemison* and *Strong* cases, supra, are to the contrary upon the subject of the usual presumption also, and are controlling until the legislature shall intervene and change the rule.

*Judgment reversed.*