5783.  SEABOARD AIR-LINE RAILWAY *v.* PARRISH.

There was evidence from which the jury were authorized to infer that the killing of the plaintiff's dog by the train of the railway company was wanton and malicious; and the verdict for damages was warranted.

DECIDED MAY 4, 1915.

Action for damages; from Bryan superior court—Judge Sheppard.  May 5, 1914.

*Anderson, Cann & Cann, Thomas F. Walsh Jr.,* for plaintiff in error.                                                                                •

*J. P. Dukes,* contra.

WADE, J.  Without considering whether the adoption by the legislature of the act of 1912 (Acts 1912, pp. 46-47), reciting that "all dogs are hereby made personal property and shall be given in and taxed as other property of this State is given in and taxed," changes the rule laid down in *Jemison* v. *Southwestern Railroad,* 75 *Ga.* 444 (58 Am. R. 476), *Strong* v. *Georgia Railway and Electric Co.,* 118 *Ga.* 515 (45 S. E. 366), *Columbus Railroad Co.* v. *Woolfolk,* 128 *Ga.* 631 (58 S. E. 152), and *Gaddis* v. *Southern Railway Co.,* 9 *Ga. App.* 272 (71 S. E. 7), and both authorizes a recovery against a railroad company for the negligent killing of a dog and creates a presumption as in cases of injuries to persons or other property, we hold that the court did not err in overruling the motion for a new trial, since it was well settled, before the passage of the act referred to and under the authority cited above, that the owner could maintain an action against one who wantonly, maliciously, or intentionally killed his dog.  There was evidence that though the plaintiff's dog had been standing on the railroad-track near the crossing for "about ten minutes before the train passed, and the railroad is straight," "the train did not slack up; it did not slow up except for the crossing; the train did not blow for the dog, it only blew at the crossing;" and that the engineer could have seen the dog.  From this evidence the jury were authorized to infer that the killing of the dog was wanton and malicious; and we can not set aside a verdict with some evidence to support it. The case is controlled by the case of *Southern Railway Co.* v. *Keel,* 7 *Ga. App.* 244 (66 S. E. 627), where the facts are almost identical.

*Judgment affirmed.*