## 7875. LOUISVILLE & NASHVILLE RAILROAD CO. v. HARRIS.

There was evidence from which the jury were authorized to find that the killing of the plaintiff's dog by the train of the railway company was wanton and malicious, and the verdict for damages was warranted.

DECIDED MARCH 19, 1917.

Certiorari; from Murray superior court—Judge Fite. August 23, 1916.

*C. N. King, Tye; Peeples & Tye, D. W. Blair,* for plaintiff in error.

GEORGE, J. Since the decision in *Jemison* v. *Southwestern Railroad,* 75 *Ga.* 444 (58 Am. R. 476), it has been recognized in this State that a railroad company is liable for the wanton and malicious killing of the dog of another; and the facts in *Southern Railway Co.* v. *Keel,* 7 *Ga. App.* 244 (66 S. E. 627), and *Seaboard Air-Line Railway* v. *Parrish,* 16 *Ga. App.* 254 (85 S. E. 200), were held sufficient to authorize the jury to infer that the killing of the plaintiff's dog by the railway company was wanton and malicious. The evidence in this case makes a much stronger case against the railway company than is made by the evidence in those cases. It appears that the track of the railway company, at the point where the dog was killed, was straight for the distance of one mile, and that there was nothing to prevent the servants in charge of the train from seeing the dog. Moreover, the dog was killed at or near a crossing, and the train which ran over and killed the dog went into a siding not more than fifty or a hundred yards from this crossing. The train was slowing down for the purpose of entering this siding, and, according to the evidence, must have been going at a very slow rate of speed, not exceeding four or five miles an hour. An eye-witness saw the dog on the track, fifty yards in front of the train, and the witnesses all testified that the dog turned and ran up the track a distance of about one hundred yards before it was finally run down and killed. The brakeman of the company was riding on the pilot of the engine, presumably for the purpose of opening the switch to let the train into the siding. The servants of the defendant company must have seen the dog, and they did nothing whatever to avoid the killing. The train either actually or practically stopped for the purpose of enabling the switchman to throw the switch. These facts illustrate the

speed at which the train was running at the time the dog was killed and strongly indicate that the agents of the railroad company willfully ran the animal down. The defendant offered only one witness, and he was not one of the servants in charge of its train at the time the dog was killed. His evidence was in the nature of expert testimony. Whether a dog, since the act of 1912 (Acts 1912, p. 46), is personal property in the sense that the owner may maintain an action for its mere negligent injury or destruction is not decided.

The court did not err in overruling the petition for certiorari and in denying the new trial prayed for.

> Judgment affirmed. Wade, C. J., and Luke, J., concur.