## 7927. GEORGIA NORTHERN RAILWAY CO. *v.* WINCHESTER.

There was evidence from which the jury could legitimately infer that one of the plaintiff's dogs was killed and the other injured by the wanton and malicious conduct of the engineer in charge of the railway train, and the verdict for damages was therefore not unauthorized.

DECIDED MARCH 20, 1917.

Certiorari; from Colquitt superior court—Judge Thomas. October 13, 1916.

*Shipp & Kline, L. L. Moore,* for plaintiff in error.

*J. B. Fussell,* contra.

WADE, C. J. In this case it is unnecessary to consider whether the adoption by the legislature of the act of 1912 (Acts of 1912, pp. 46, 47), containing the provision that "all dogs are hereby made personal property and shall be given in and taxed," authorizes a recovery against a railway company for negligently killing or injuring a dog; and in such cases creates a presumption against the company as in cases of injuries to persons or other property; since, under numerous decisions of this court and of the Supreme Court, an action is maintainable against one who wantonly, maliciously, or intentionally injures or kills his dog. From the answer to the petition for certiorari it appears that the plaintiff testified, in his own behalf, that he was the owner of two dogs, one of which was killed and the other injured by the train of the defendant company; that he witnessed the incident and "saw the engineer sitting in his proper place and looking ahead," as the witness was on the same side of the train as the engineer, and that "the track was straight for something like 180 yards from the point where the dogs were run over, back in the direction from which the train came, and the dogs were upon the track and running in front of the engine for a considerable part of this distance;" that in his opinion the engineer saw or by the exercise of

diligence could have seen the dogs, but "the engineer made no effort to slacken the speed of the train or to frighten the dogs from the track; he did not ring the bell or blow the whistle or open the cylinder cocks." The engineer testified for the defendant that he did not see the dogs until just before he ran over them, when they were about two feet in front of the pilot, and he was running about twenty miles an hour and was looking out; that his attention was called by the fireman to them just as he saw them, and that there was no way in which to save them; that he liked dogs and would have stopped the train if he had seen them; that he was coming around a curve and was on the right side of the engine and therefore could not have seen them in any event.

Assuming that the jury accepted as true the evidence of the plaintiff in preference to that delivered by the engineer, the track was in fact straight, and not curved, and the dogs were plainly visible, and there was nothing to prevent the engineer from seeing them, and they must have been seen by him some time before they were struck, especially as the undisputed evidence shows that they ran along ahead of the engine for some distance, for the engineer himself said that he was looking forward all the time. The testimony was not disputed that no effort was made to slacken the speed of the train or to frighten the dogs from the track, or that the engineer did not ring the bell or blow the whistle or open the cylinder cocks. The jury was therefore authorized to find, from the testimony of the plaintiff as to the unobstructed character of the track, and from the admission of the engineer that he was looking ahead, that the latter did in fact see the dogs on the track some time before they were struck, notwithstanding his denial, and deliberately failed to slacken the speed of his engine or to make any effort to frighten them off of the track, but, in entire disregard of the probable consequences to the dogs, continued to run his train at the same rate of speed, and hence that the resulting injury to one dog and the death of the other could be directly attributed to his wanton and malicious conduct. The case of *Louisville & Nashville R. Co. v. Harris*, ante, 502, rests upon very nearly the same facts; and the evidence in this case is measurably stronger than that in the case of *Seaboard Air-Line Ry. v. Parrish*, 16 *Ga. App.* 254 (85 S. E. 200). To repeat: According to the plaintiff, the engineer could and must necessarily have seen the dogs if he

was looking down the straight track; and according to the engineer he was in fact looking down the track before and at the time the injury occurred, notwithstanding his further statement that he could not then see the dogs. It was for the jury to say either that the engineer was prevented from seeing by a curve in the track, or did not in fact for any reason see the dogs, and hence that his failure to check the train was not deliberate, wanton, or malicious; or, on the other hand, that, the track being straight, he not only could but did see the dogs in ample time to prevent the injury, and hence his failure to make any effort to stop the train or to frighten the animals from the track was deliberate, wanton, or malicious. See, in this connection, *Southern Railway Co.* v. *Keel,* 7 *Ga. App.* 244 (66 S. E. 627). We can not set aside a verdict with some evidence to support it; and we therefore hold that the judge of the superior court did not err in overruling the certiorari.        *Judgment affirmed. George and Luke, JJ., concur.*