## ST. LOUIS SOUTHWESTERN RAILWAY COMPANY *v.* STANFIELD.

Opinion delivered April 3, 1897.

DOGS—LIABILITY FOR KILLING.—Dogs are personal property for the negligent killing of which a railway company is liable.

NEW TRIAL—SUFFICIENCY OF MOTION.—A motion for new trial on the ground of newly discovered evidence is not sufficient where it fails to state facts showing that due diligence was used.

Appeal from Ouachita Circuit Court.

CHARLES W. SMITH, Judge.

*Sam H. West*, and *Gaughan & Sifford* for appellant.

Dogs were not property, except in a qualified and restricted sense, by the common law, and our statute has not changed the character of such property. A railroad is not liable for killing a dog unless it be done wantonly or maliciously. 75 Ga. 444; 58 Am. Rep. 476; 10 Rich. Law, 52; 69 Ga. 447; 14 S. W. Rep. 691. A new trial should have been granted for newly discovered evidence, under secs. 5842-3, Sand. & H. Dig.

WOOD, J.  This suit was brought before a justice of the peace for the alleged negligent killing of an "Irish setter dog," valued at $95. Appellant appeals from a judgment of the circuit court for $80. The demurrer to the complaint presents the question, "Is the railroad liable for the negligent killing of the dog?"

Under sec. 12, art. 22, of the constitution, and sec. 6349, Sand. & H. Dig., railroads are "responsible for all damages to property done or caused by the running of trains." Dogs are property. As was said by the supreme court of New York: "Large amounts of money are now invested in dogs, and they are largely the subjects of trade and traffic. In many ways they are put to useful

The dog is property,

service, and, so far as pertains to their ownership as personal property, they possess all the attributes of other personal property." *Mullaly* v. *People*, 86 N. Y. 365. Much learning, ancient and modern, may be found in the books, more entertaining than useful, upon the question as to whether dogs are the subject of larceny. At the common law they were not so regarded, for the reason, as assigned by Mr. Blackstone, that they do not serve for food, have no intrinsic value, and are kept for the whim and pleasure of their owners. 4 Blackst. Com. 235; 2 Blackst. Com. 393.

Following the common law in this respect, the supreme court of Georgia held, in *Jemison* v. *Southwestern Railroad*, 75 Ga. 444, that railroads are not liable for the negligent killing of dogs. See also *Wilson* v. *Ry.* 10 Rich. Law (S. C.), 52. But the common law rule, even in cases of larceny, "is extremely technical, and has no sound basis to rest upon." *Mullaly* v. *People*, *supra*. Except in cases of larceny, however, the dog was property at the common law, and the owner had his remedy by civil action for the loss or destruction of same. 4 Blackst. Com. 236. Such is the general doctrine in America. *Harrington* v. *Miles*, 11 Kas. 481; S. C. 15 Am. Rep. 355, and authorities cited.

Moreover, under our statutes, and the decision of this court in *Haywood* v. *State*, 41 Ark. 479, it is evident that the doctrine of the common law as to the larceny of dogs could have no place. Secs. 1694–8, Sand. & H. Dig. We are unwilling to extend a doctrine, archaic and unsound even in criminal cases, to civil cases having no analogy. The statute makes no exception as to dogs, and we can make none.

We find but few adjudications upon the question, and none with facts exactly similar. The supreme court of Texas supports our view in *Hanks* v. *Ry.* 78 Tex. 300. See, also, 3 Elliott, Railroads, sec. 1190;

*Fink* v. *Evans*, 95 Tenn. 413; *Jones* v. *Bond*, 40 Fed. Rep. 281, S. C. 40 Am. & Eng. R. Cases, 191.

If the appellant be liable at all, it is not contended that there was an error in the charge of the court, nor that the verdict was excessive. The evidence to sup-. port the verdict is sufficient here.

2. The motion for a new trial because of newly dis-covered evidence is not sufficient, for the reason that it fails to state the facts upon which the court could determine that appellee had used due diligence. *Bourland* v. *Skinner*, 11 Ark. 671; *Peterson* v. *Gresham*, 25 *id*. 380; *Merrick* v. *Britton*, 26 *id*. 496; *Runnels* v. *State*, 28 *id*. 121.

Affirmed.

BUNN, C. J., did not particpate.

*Sufficiency of motion for new trial.*