THE FLORIDA CENTRAL AND PENINSULAR RAILROAD COMPANY, PLAINTIFF IN ERROR, VS. CHARLES E. DAVIS, DEFENDANT IN ERROR.

A railroad company is liable in damages for the negligent killing of a dog by its engine and train of cars, dogs in this State being property and taxable as other personal property.

This case was decided by Division A.

Writ of Error to the Circuit Court for Madison County.

The facts in the case are stated in the opinion of the Court.

*Henderson & Henderson* and *H. J. McCall,* for Plaintiff in Error;

*Chas. E. Davis,* in *pro per.*

SHACKLEFORD, J.

The defendant in error, who was plaintiff below, brought an action against the plaintiff in error in the Madison county Circuit Court for the alleged negligent killing of a dog. The declaration alleged in substance that plaintiff was possessed of a certain dog, upon which he was paying taxes, and that said dog went upon the railroad of defendant, at a place that was commonly traveled by pedestrians, and that while said dog was so upon said railroad of defendant it was negligently struck and killed by the locomotive and train of cars of defendant, the damages being laid at $200.00. A demurrer was interposed by the defendant to the declaration upon the grounds that no cause of action was set forth therein and that no "cause of action can accrue in this State to any damage done to dogs, such as the declaration sets forth and claims." The demurer was overruled, pleas filed and trial had, which resulted in a verdict and judgment for plaintiff in the sum of $50.00. The defendant seeks reversal by writ of error. The testimony is not brought up and the only error assigned is the overruling of the demurrer.

In this State a dog is property and taxable as other personal property. Chapter 4322 laws of Florida, section 16, acts of 1895, p. 17. Where dogs are returned by the owner for taxation, the larceny or malicious killing, wounding or injuring thereof is made a crime. Chapter 4164 laws of Florida, acts of 1893, p. 94. In those States where dogs are held to be property, the decided weight of authority seems to be to the effect that a railroad company is liable for the negligent killing thereof. See St. Louis, A. & T. Ry. Co. v. Hauks, 78 Texas, 300, 14 S. W.

Rep. 691, S. C. 11 L. R. A. 383; St. Louis S. W. Ry. Co. v. Stanfield, 63 Ark. 643, 40 S. W. Rep. 126, S. C. 37 L. R. A. 659; Fink v. Evans, 95 Tenn. 413, 32 S. W. Rep. 307; Jones v. Bond, 40 Fed. Rep. 281; 3 Elliott on Railroads, Sec. 1190; Graham v. Smith, 100 Ga. 434, 28 S. E. Rep. 225, 40 L. R. A. note 503-509; Citizens' Rapid-Transit Co. v. Dew, 100 Tenn. 317, 45 S. W. Rep. 790, S. C. 40 L. R. A. 518. No error was committed in overruling the demurrer.

The judgment must be affirmed, and it is so ordered at the cost of the plaintiff in error.