# CASES DETERMINED

IN THE

# SUPREME COURT OF ARKANSAS

---

EL DORADO & BASTROP RAILWAY COMPANY *v.* KNOX.

Opinion delivered March 22, 1909.

1. CONTINUANCES—DILIGENCE.—A motion for continuance which states that defendant's regular counsel who prepared the case for trial was unavoidably absent, that present counsel does not know who the witnesses are nor how to reach them, and that defendant did not know until two days before the trial that its regular counsel would be absent, fails to show due diligence in preparing for trial, and was properly overruled. (Page 2.)

2. RAILROADS—KILLING OF DOGS—LIABILITY.—Dogs are personal property, for the negligent killing of which railroad companies are liable. (Page 4.)

3. SAME—PRESUMPTION OF NEGLIGENCE.—Proof that a dog was killed by the running of a train makes a *prima facie* case of negligence on the part of the railroad company. (Page 4.)

4. EVIDENCE OF VALUE—FAILURE TO ASSESS.—The fact that a dog which was killed by a train was not assessed does not prove that the dog was of no value. (Page 4.)

5. RAILROADS—ACTION FOR KILLING OF DOG—VENUE.—Kirby's Digest, § 6776, providing that the owner of horses, mules, cattle or other stock killed or wounded by railway trains may sue for the damages in any court having jurisdiction "in the county where the killing or wounding occurred" does not apply to the killing of dogs. (Page 4.)

Appeal from Union Circuit Court; *George W. Hays,* Judge; affirmed.

*E. B. Kinsworthy* and *Lewis Rhoton,* for appellant.

1. The continuance should have been granted. Appellant's motion clearly shows that it was not at fault. It was a case of "unavoidable casualty or misfortune preventing the party from appearing or defending," within the meaning of the law. Kirby's Dig., § 4431; 59 Ark. 162; 18 Fla. 282; 60 Wis. 293; 67 Ia. 405; 5 Bush (Ky.) 81; 42 Minn. 243; 15 Ky. L. R. 52; 1 Cranch, C. C. 280; 18 Ky. L. R. 926; 51 Ga. 122; 3 Phila. 236; 15 Leg. Int. (Pa.) 341; 19 Ind. 83; 148 Ill. 372; 19 Wis. 498.

2. The court's charge was erroneous. A dog is not personal property, within the meaning of the statute making railways *prima facie* guilty of negligence upon proof of the injury. 75 Ga. 444; 10 Rich. L. (S. C.) 52; 2 Ind. 377; 69 Mo. App. 581; 75 Me. 562; 1 Minn. 292; 93 Ga. 111; 13 Tex. 55; 3 Leigh 809; Kirby's Dig. § § 6774-6783. There is no evidence that the killing of the dog was done by one of appellant's trains. The same degree of care is never required of trainmen to avoid running over dogs as is required with reference to other animals. 3 Ell. Railroads § 1190; 40 Fed. 281; 95 Tenn. 413; 72 Ark. 23.

3. There is no proof that the dog was killed in Union County where suit was brought. Kirby's Dig. § 6776; 38 Ark. 205; 80 Ark. 269.

*R. G. Harper,* for appellee.

1. The motion for continuance did not state facts sufficient to bring it within the purview of the statute. Kirby's Dig. § 4431. No sufficient showing was made for continuance.

2. The court's charge is correct. Kirby's Dig. § § 6607, 6773; 41 Ark. 479; 63 Ark. 643.

3. The evidence is sufficient to sustain the verdict and that the dog had a market value. 76 Ark. 327; 67 Ark. 537; 23 Ark. 208; 93 Mich. 420; 81 Tex. 222.

4. The evidence shows that the dog was killed between Dollar Junction and Felsenthal on appellant's line of road. Both are in Union County, of which fact this court will take judicial knowledge. 53 Ark. 46; 68 Ark. 289; 59 Tex. 500; 177 Mo. 533; 77 Ga. 584.

BATTLE, J. J. A. Knox brought an action against the El Dorado & Bastrop Railway Company to recover damages caused by the killing of a certain dog, the property of plaintiff. In a trial before a jury a verdict was returned in favor of plaintiff for $25, and judgment was rendered accordingly, to reverse which an appeal was taken to this court.

When the action was called for trial, on the eighth day of April, 1908, the defendant filed a motion for continuance as follows:

"Comes the defendant herein and moves the court to continue this cause to the next term of this court, and for cause

states: 'That Hon. C. C. Hamby, its regular attorney, who has prepared for trial this cause, and who tries all cases at El Dorado, Ark., is absent from this court in attendance upon the circuit court at Mt. Ida, Ark., and is there engaged in the trial of a large and important case for the St. Louis, Iron Mountain & Southern Railway Company; that C. C. Hamby is the only attorney for the defendant who is prepared to try this case, and that his absence is unavoidable, and that he would have to be absent was unknown to defendant until the 6th day of this month, when it spoke to the other counsel for the purpose of getting this continuance, and that the counsel it now has is not familiar with the case, does not know who the witnesses for the defendant are, and does not know how to reach them to get them here."

The court properly overruled the motion. The motion does not show any effort made to get witnesses. It seems none were summoned. It was known two days before the trial that the regular attorney would not be present, and other attorneys were employed. It fails to show the exercise of diligence in getting ready for trial.

On the 12th of November, 1907, the dog of plaintiff was found dead on the railroad of the defendant, between Dollar Junction and Felsenthal. He was cut in two. His body was scattered upon the track. The blood was fresh and appeared to have been shed recently. The passenger train of the defendant had passed over the track where the dog was killed about an hour before he was found. No other train was seen to pass there about that time. The dog was a valuable dog. One witness testified that his reasonable cash market value was fifty dollars.

The court instructed the jury over the objections of the defendant as follows:

"The jury are instructed that if they find from a preponderance of the testimony in this case that the defendant railway company, by the operation of its trains, killed the dog in controversy, the property of the plaintiff, the killing is presumed to have been negligently done, and the burden is upon the defendant to show that the killing of said dog was not through its negligence.

"You are further instructed that if you find for the plaintiff

in this case you shall assess his damages at such amount as you may believe from the evidence that he is entitled to recover for the killing of said dog, not to exceed twenty-five dollars, the amount sued for."

The following instruction was requested by the defendant and refused by the court:

"The jury are instructed that if they find from the evidence in this case that the dog in controversy was not assessed, and that the plaintiff was the owner of said dog on the first Monday in June, 1907, then you will find for the defendant."

This court has held that dogs are personal property, for the negligent killing of which a railway company is liable. *St. Louis S. W. Ry. Co.* v. *Stanfield,* 63 Ark. 643; *St. Louis, I. M. & S. Ry. Co.* v. *Philpot,* 72 Ark. 23.

Section 6773 of Kirby's Digest provides: "All railroads which are now or may be hereafter built and operated in whole or in part in this State shall be responsible for all damages to persons and property done or caused by the running of trains in this State" Under this statute the killing of the dog by the running of a train was *prima facie* evidence of negligence on the part of the railroad company. *St. Louis, I. M. & S. Ry. Co.* v. *Neely,* 63 Ark. 636, and cases cited.

There was no prejudicial error committed in giving the instruction at the request of plaintiff. The court properly refused to give the instructions asked for by appellant. The fact that the dog was not assessed did not prove that the dog was of no value, especially when the undisputed evidence shows that the dog was valuable.

Appellant contends that the statute requires that actions of this kind should be brought in the county in which the animal was killed; that, the action in this case having been brought in Union County, it was necessary to prove that the dog in question was killed in that county. But the statute referred to does not include dogs. It does say that actions for damages sustained by the killing or wounding of certain animals by railroad trains should be brought in the county where the killing or wounding occurred. Kirby's Digest, § 6776. It describes the animals referred to to be such as horses, mules, cattle or other stock. Other stock means such as horses, mules and cattle, and this does not

include dogs. *Hempstead County* v. *Harkness, 73* Ark. 600, 602. It was therefore not necessary to prove that the dog was killed in Union County.

The evidence in the case shows that the market value of the dog was at least $25. There is none to the contrary. The evidence was sufficient to sustain the verdict.

Judgment affirmed.