ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COMPANY

*v.* RHODEN.

## Opinion delivered December 13, 1909.

1. RAILROADS—LIABILITY FOR KILLING OF DOG.—Dogs are personal property, for the negligent killing of which a railway company is liable. (Page 32.)

2. SAME—PRESUMPTION OF NEGLIGENCE.—Proof that a dog was killed by the running of a train makes a *prima facie* case of negligence on the part of the railroad company. (Page 32.)

3. SAME—EVIDENCE OF NEGLIGENCE.—Where the engineer whose engine ran over plaintiff's dog testified that he first discovered the dog when it was only 100 feet in front of his engine, and that he could not thereafter have stopped the train in time to avoid killing it, but other witnesses testified that the dog ran in front of the engine for half a mile, the jury were justified in finding that the engineer was negligent in failing to keep a lookout. (Page 33.)

4. SAME—NEGLIGENCE—WHEN INSTRUCTION INVADES JURY'S PROVINCE.—It was not error to refuse to instruct that a dog is an animal of superior intelligence, and that an engineer would be justified in believing that a dog would leave the railroad track before being struck by an approaching train. (Page 33.)

5. SAME—NEGLIGENCE TOWARD DOG.—An employee of a railroad company can not rely upon the quickness and celerity of a dog to absolve it from the duty and care to avoid running over the dog. (Page 34.)

6. TRIAL—INSTRUCTIONS—ASSUMING DISPUTED FACT.—It was not error to refuse an instruction which assumed a disputed fact. (Page 35.)

Appeal from Hot Spring Circuit Court; *W. H. Evans,* Judge; affirmed.

*Kinsworthy & Rhoton* and *James H. Stevenson,* for appellant.

The testimony of the engineer was uncontradicted, and the jury were not warranted in disregarding it. 78 Ark. 234; 80 Ark. 396; 89 Ark. 120. The presumption of negligence is rebutted when it is shown that the engineer, after discovering the dog, could not have prevented the injury. 80 Ark. 396; 78 Ark. 234; 69 Ark. 619. The engineer had a right to presume that the dog would leave the track. 37 Ark. 593; 69 Ark. 619. There is no liability for killing a dog where the engineer has turned loose the steam cocks to frighten it away. 33 S. E. 466. The same degree of diligence is not required as in case of other animals. Elliott, Railroads, § 1190; 40 Fed. 281; 136 N. C. 554; 100 Tenn. 317; 40 L. R. A. 518; 66 Am. St. R. 755; 53 S. E. 534.

*J. C. Ross,* for appellee.

The presumption of negligence from killing a dog is the same that arises in other stock cases. 117 S. W. 779; 63 Ark. 636. The engineer's testimony that, after discovering the dog's peril, he did not have time to sound the alarm, without going into particulars, will not overcome the presumption of negligence, as the jury might find to the contrary, if all the facts were before them. 76 Ark. 100. Appellee's dog was property, for the negligent killing of which appellant is liable. 63 Ark. 643; 72 Ark. 23.

FRAUENTHAL, J. This was an action brought by the plaintiff below, R. C. Rhoden, against the St. Louis, Iron Mountain & Southern Railway Company for the recovery of damages for the alleged negligent killing of a fine blooded bird dog. The dog was killed about 12 o'clock on October 22, 1907, by one of defendant's fast mail trains. The testimony on the part of the plaintiff tended to prove that just after the train had passed Perla, a station on defendant's line of railroad, the dog was seen upon the railroad track a short distance in front of the train and trotting or running down the track in the same direction in which the train was moving. The dog continued to run in this manner in front of the running train for a distance of about one-half a mile, when it was overtaken by the train and killed. For this entire distance the track was straight, and the dog could readily have been seen by the employees in the cab of the engine. The employees did not give any alarm by whistle, and did not ring the bell, and did not open the cylinder cocks; and as one of the witnesses expressed it, the train "just came right on and hit the dog without doing anything."

The engineer testified that when he first noticed the dog it was running along by the side of the track, and then got on the track at a point about 100 feet in front of the engine; that the train was running at the rate of fifty miles an hour, and that he could not have stopped the train in time to have avoided striking the dog. He stated that when he observed the dog he kicked open the cylinder cocks in order to frighten it from the track; that he did not blow the whistle or ring the bell, because he thought that the opening of the cylinder cocks was the best method to frighten the animal from the track; that he did

not attempt to slacken the speed of the train because at the rate of speed that the train was moving he could not have prevented striking the dog.

On the part of the plaintiff, the court in effect instructed the jury that it was the duty of the defendant to keep a constant lookout for persons and property upon its tracks, and that if the dog was killed by reason of the failure to keep such constant lookout the defendant would be liable. The following instruction was also given at the request of the plaintiff:

"The court instructs the jury that it was the duty of the servants and agents of defendant in charge of the engine of said train to use ordinary care to avoid killing plaintiff's animal by resorting to the usual means of sounding the stock alarm, ringing the bell or opening the cylinder cocks to scare said animal off the track; and if you find that said servants failed to use ordinary care to frighten said animal off the track, and that such failure resulted in the killing of plaintiff's dog, then your verdict must be for the plaintiff."

At the request of the defendant the court in effect instructed the jury that the engineer in charge of the train was under no obligation to try to stop the train until he saw that the dog was in a place of danger and would be injured unless he did stop; and, after discovering the peril of the dog, if he did everything reasonably within his power to frighten the dog from the track, the plaintiff could not recover. It also gave to the jury at the request of the defendant the following instruction:

"5. If you believe from the evidence that the engineer in charge of defendant's train which struck plaintiff's dog was keeping a constant lookout for persons and property on the railroad track, and that, after he saw plaintiff's dog and became aware of its perilous situation, he did everything reasonably within his power to frighten it from the track, and that it was impossible for him to stop his train by the use of reasonable diligence in time to avoid striking said dog, then your verdict should be for the defendant."

The defendant asked the court to give to the jury the following instructions, which were refused:

"1. Under the pleadings and the proof in this case you will return a verdict for the defendant.

"3. You are instructed that when the engineer in charge of defendant's train saw plaintiff's dog running along beside the railroad track he had a right to presume that the dog would leave the track before being struck, and he was warranted in acting upon that belief. If you believe from the evidence that after he became aware of the dog's peril he did what he reasonably could to avoid striking it, he was not negligent, and your verdict should be for the defendant.

"4. You are instructed that the same rule does not apply in the case of dogs as in the case of live stock. A dog is an animal of superior intelligence, and possesses greater ability to avert injury; and the presumption is that he has the instinct and ability to get out of the way of danger, unless his freedom of action is interfered with by other circumstances at the time and place. On this account, the diligence and care which locomotive engineers owe to the owners of dogs is placed on the same footing with that of a man walking upon or near a railroad track apparently in possession of all his faculties, and the engineer would be warranted in acting upon the belief that the dog would be aware of the approaching danger, and would get out of the way in time to avoid injury.

"6. There is no presumption of negligence on the part of the defendant from the fact of killing a dog.

"7. If you believe from the evidence that plaintiff's dog was killed while on defendant's track, you are instructed that plaintiff is not entitled to recover therefor, unless you further find that defendant's engineer discovered the dog's peril, and thereafter injured her wilfully, wantonly and recklessly." .

The jury returned a verdict in favor of the plaintiff for $50, and the defendant prosecutes this appeal from the judgment entered thereon.

This court has held that dogs are personal property for the negligent killing of which a railway company is liable. And, under the statute making all railroads responsible for all damages to persons and property done or caused by the running of trains (Kirby's Dig., § 6773), this court has declared that the killing of a dog by the running of a train was *prima facie* evidence of negligence on the part of the railroad company. *St. Louis, I. M. & S. Ry. Co.* v. *Stanfield*, 63 Ark. 643; *St. Louis,*

*I. M. & S. Ry. Co.* v. *Philpot,* 72 Ark. 23; *El Dorado & B. Ry. Co.* v. *Knox,* 90 Ark. 1.

It will thus be seen that the right of property in dogs is fully recognized, and that for a wrongful injury to that species of property a right of recovery is given to the owner. In this regard there is no distinction made between dogs and other property, and therefore the owner thereof is entitled to have this species of property receive the same care that is due to other species of property. The railroad company owes to the owner of a dog the duty to keep the constant lookout for the protection of that character of property which is required by section 6607 of Kirby's Digest, and is liable to such owner for any injury to such property caused by a negligent failure so to do. The court did not therefore commit error in instructing the jury to that effect. But the defendant urges that in this case there was no testimony showing that there was any neglect of any of its employees to keep such constant lookout. We think that there was testimony upon which to base such an instruction. The engineer testified that when he first observed the dog on the track it was only about 100 feet in front of the engine, and that he did not see the dog on the track until then. But two witnesses on the part of plaintiff testified that the dog was running down the track in front of the engine for a distance of probably one-half a mile. If the dog was on the track for that distance in front of the train and the engineer did not see it, then this was sufficient testimony upon which to submit to the jury the question as to whether or not the engineer was keeping a constant lookout.

It is claimed by the defendant that the dog is a very sagacious animal, exceedingly alert and active, and possesses greater ability to avoid injury than almost any other animal. It is urged, therefore, that the court should have instructed the jury to this effect, and should have given the above instruction number 4, asked for by the defendant. But we think that this instruction invades the province of the jury to determine for themselves questions of fact, and that it does not correctly state the degree of care that should be exercised to avoid injuring this character of property. The defendant was only respon-

sible for the negligent killing of the dog, and that negligence would arise from the omission to do something which a reasonably prudent man would have done under all the circumstances of the case, or the doing of something which under such circumstances such a man would not have done. The idea of negligence presupposes the existence of a duty to protect from injury and the failure to perform that duty, from which an injury results. *Hot Springs Railroad Company* v. *Newman,* 36 Ark. 607; *Fort Smith Oil Co.* v. *Slover,* 58 Ark. 168.

This court has held that the killing of a dog by the running of a train is *prima facie* evidence of negligence on the part of the railroad company. This in effect makes it the duty of the railroad company to give to the dog the same care that is due to other species of property under similar circumstances. In this respect there is no distinction made between the dog and other animals. The same care that would be used by an ordinarily prudent man under similar circumstances in regard to other animals should be used in regard to the dog. The mere fact that the dog may be thought by many people to be more intelligent than other animals, and is also alert, would not absolve the railroad company from using that care in the protection of the dog. It owes the same duty to use the same character of care in protecting the dog from injury that it owes to other animals.

In the case of *St. Louis, Ark. & Texas Railway Co.* v. *Hauks,* 78 Tex. 300, it is held that a railroad company is liable in damages for the killing by its engine of a dog which is trespassing on the railroad track if the exercise of ordinary prudence and care on the part of the engineer would have prevented the injury. In the case of *Meisch* v. *Rochester Electric Ry. Co.,* 72 Hun 604, it was held that the employee of the company was not justified in running down a dog trespassing on the track if by reasonable diligence he could have discovered and averted the injury.

In the case of *Citizens' Rapid Transit Co.* v. *Dew,* 100 Tenn. 317, it was held that the employee of the company could not rely upon the quickness and celerity of a dog in order to absolve it from the duty and care to prevent running over the dog; and that the company was liable for the killing of the

dog caused by the negligence of its servant in charge of the train.

We do not think the court erred in refusing to give said instruction number 4 asked for by the defendant.

Nor do we think that any prejudicial error was committed by the court in refusing to give the above instruction number 3 asked for by the defendant. In the first portion of the instruction it assumes as a fact that the dog was running along the side of the track, when this question of fact was controverted; and the latter part of the instruction is fully covered by other instructions that were given by the court.

And the court was right in its rulings upon the other instructions which were asked for by the defendant, and which it refused to give. There is no complaint made of the amount of the recovery. We find no prejudicial error in any of the rulings of the court upon the instructions, and we find that there is substantial evidence in the record to sustain the verdict.

The judgment is accordingly affirmed.