TAYLOR *v.* ST. LOUIS, IRON MOUNTAIN & SOUTHERN
RAILWAY COMPANY.

Opinion delivered December 21, 1914.

1.  ANIMALS—DOGS—RAILROADS—LIABILITY FOR KILLING DOG.—Dogs are personal property for the negligent killing of which railroads are liable.

2.  RAILROADS—KILLING ANIMAL—NEGLIGENCE—PRESUMPTION.—Proof that a dog was killed by the running of a train makes a *prima facie* case of negligence on the part of the railroad company.

3.  RAILROADS—KILLING ANIMAL—PRESUMPTION—LOOKOUT.—Where a dog is killed by the operation of a train by actually coming in contact with it, the *prima facie* case of negligence thus made out is not changed by the lookout statute of 1911, Act 284, p. 275.

4. RAILROADS—DUTY TO MAINTAIN LOOKOUT—NATURE OF LOOKOUT TO BE
KEPT.—The lookout statute, Acts 1911, p. 275, Act 284, requiring
railroads to maintain a constant lookout for persons and animals
on the track, does not require every employee on the train to keep
a lookout, and it is sufficient if the lookout is kept by one person,
unless by reason of a curving track or other obstruction, an effi-
cient lookout can not be kept by one person alone.

5. RAILROADS—INJURY TO ANIMAL—NEGLIGENCE—QUESTION FOR JURY.—
Plaintiff's dog was killed at a public crossing by being struck by
a moving train. *Held*, under the evidence it was a question for the
jury whether the accident was the result of defendant's negligence.

Appeal from St. Francis Circuit Court; *J. M. Jack-son,* Judge; reversed.

*S. H. Mann* and *J. W. Morrow,* for appellants.

1. No signals were given as required by § 6595, Kirby's Digest. Failure to perform a statutory duty is negligence *per se.* Whittaker's Smith on Negligence, 44. Negligence was the proximate cause of the injury. 4 A. & E. Enc. Law 925(b)-927(c).

2. No proper lookout was kept as the law provides. Kirby's Dig., § 6595; 68 Ark. 32; 78 *Id.* 251; 64 *Id.* 236.

3. It was manifest error to direct a verdict. 66 Ark. 363.

*E. B. Kinsworthy, P. R. Andrews* and *T. D. Craw-ford,* for appellee.

There was *no* testimony to make a case of *prima facie* liability (107 Ark. 431; 106 *Id.* 399), and hence a verdict was properly directed for defendant.

HART, J. Geo. P. Taylor sued the St. Louis, Iron Mountain & Southern Railway Company to recover damages for the alleged negligent killing of his dog by one of defendant's passenger trains. The facts were as follows:

On July 31, 1913, one of defendant's north-bound passenger trains struck the dog of the plaintiff and killed it while the dog was on the railroad crossing in the town of Forrest City. The train did not slow down before or after striking the dog. The crossing was ninety steps north of the depot. The track curved there and the dog

came on the track at the crossing about fifteen or twenty feet ahead of the engine.

According to the testimony of the witnesses for the plaintiff, there was no obstruction along the right-of-way at that point, and, in their judgment, the employees of the railroad company who were in the cab of the engine could have seen the dog approaching the track.

Neither the engineer nor the fireman of the train which struck the dog testified. Another engineer, who had run on that particular piece of road for many years, testified that the engineer sat on the right-hand side of the cab, and that at that particular crossing where the dog was killed he could not have seen the dog go on the track fifteen feet ahead of the engine. He also testified that it was the custom for the fireman to commence coaling the engine after the train left the station.

The value of the dog was proved.

The court directed the jury to return a verdict for the defendant, and the plaintiff has appealed.

(1-2)  Dogs are personal property, for the negligent killing of which railroads are liable. Proof that a dog was killed by the running of a train makes a *prima facie* case of negligence on the part of the railroad company. *St. Louis, I. M. & S. Ry. Co.* v. *Rhoden,* 93 Ark. 29; *El Dorado & Bastrop Ry. Co.* v. *Knox,* 90 Ark. 1; *St. Louis Southwestern Ry. Co.* v. *Stanfield,* 63 Ark. 643; *St. Louis, I. M. & S. Ry. Co.* v. *Philpot,* 72 Ark. 23.

(3)  Here the dog was killed by the operation of the train by actually coming into contact with it, and the *prima facie* case of negligence thus made is not changed by the lookout statute of 1911, Act 284, p. 275. *St. Louis, I. M. & S. Ry. Co.* v. *Gibson,* 107 Ark. 431.

(4)  The engineer and the fireman of the train which struck the dog did not testify at the trial. It is true another engineer testified that the engineer could not have seen the dog come upon the track fifteen feet ahead of the engine, and that it was the custom of the fireman to begin to coal the engine immediately after the train

left the depot, but this testimony was not sufficient to overcome the *prima facie* case of negligence made against the defendant by killing the dog. The statute requires that an efficient lookout be kept. It is not required that every employee upon the train should be constantly upon the lookout. It is sufficient that the lookout be kept by one person, unless by reason of curving track or other obstructions an efficient lookout can not be kept by one person alone. *St. Louis S. W. Ry. Co.* v. *Russell,* 64 Ark. 236.

The injury occurred at a public crossing in a populous town, and the jury might have found from all the evidence that the engineer alone could not have kept an efficient lookout.

(5) The dog was killed at a public crossing in the town of Forrest City about ninety steps north of the depot. It is true that there was a curve in the track there, that the dog approached from the left-hand side, and that the engineer usually sat on the right-hand side of the cab. But the witnesses for the plaintiff testified that there was no obstruction on the right-of-way there, and that, in their judgment, the engineer could have seen the dog approaching the track. From the testimony the jury might have found that the engineer was not keeping a lookout, or that if he was keeping one if he had blown the whistle, the dog might have been frightened away from the track. Thus, from the testimony of the plaintiff's witnesses who saw the train hit the dog, the jury might have found that the defendant was guilty of negligence.

It follows that the judgment must be reversed and the cause remanded for a new trial.