NELSON *v.* MISSOURI PACIFIC RAILROAD COMPANY.

Opinion delivered November 5, 1923.

1. RAILROADS—KILLING OF DOGS—VENUE.—Crawford & Moses' Dig., § 8574, providing that the owner of horses, mules, cattle or other stock killed or wounded by railway trains may sue for the damages in any court having jurisdiction "in the county where the killing or wounding occurred," does not apply to the killing of dogs.

2. RAILROADS—KILLING OF DOG BY TRAIN—BURDEN OF PROOF.—Crawford & Moses' Dig., § 8562, declaring that railroads operating in the State "shall be responsible for all damages to persons and property done or caused by the running of trains," applies to all property, and in an action to recover damages for the killing of a dog by the running of a train, proof that the dog was killed by the train constitutes *prima facie* evidence of negligence and places upon the defendant the burden of proving that there was no negligence.

Appeal from Jackson Circuit Court; *Dene H. Coleman*, Judge; reversed.

*E. F. Duncan*, for appellant.

Dogs are personal property, for the negligent killing of which a railroad company is liable. The killing of a dog by a running train is *prima facie* evidence of negligence on the part of the railroad company. 93 Ark. 32; 116 Ark. 49; 99 Ark. 228; C. & M. Digest, § 8568. Circumstantial evidence is admissible to prove the killing, and such proof, whether direct or circumstantial, having been made, casts the burden on the railroad company to show that it was not negligent. 90 Ark. 4, 5. The value of a dog may be proved by witnesses, even though there is no proof of market value. 204 S. W. (Ark.) 854; 72 Ark. 29; 53 Ark. 30. With reference to the duty of a

railroad company to exercise due care for the protection of animals, there is no distinction between dogs and other animals.  93 Ark. 32, 33, 34.

*Thos. B. Pryor* and *Ponder & Gibson,* for appellee.

1.  To entitle appellant to recover, something more was necessary than finding a dead dog on the track.  The statute, C. & M. Digest, § 8574, does not apply to dogs.  90 Ark. 1; 50 S. W. 601.

2.  The verdict is final as to the questions of fact. 89 Ark. 111; 110 Ark. 632; 113 Ark. 598.  See also 33 Ark. 811; 81 Ark. 247.

MCCULLOCH, C. J.  The plaintiff, Ben Nelson, sued the railroad company to recover the value of a hound dog, alleged to have been run over and killed by a train through negligence of those operating the train.  Defendant answered denying that the train killed the dog and also that there was negligence on the part of defendant's servants in operating the train.

In the trial of the case plaintiff introduced evidence sufficient to establish the fact that the dog was run over and killed by the locomotive of a fast freight train.  This occurred on appellant's road called the White River Branch, north of Newport, Arkansas.  The witnesses introduced by the plaintiff also testified that there were no alarm signals given at the time or immediately before the dog was struck and killed.  The witnesses testified that they saw the dog on the railroad right-of-way, going in the direction of the track, as the train approached, and one witness testified that he saw the dog on the track as the train approached.  They testified that immediately after the train passed they found the dead body of the dog; the head had been completely severed, and was lying on the outside of the rails, and the mangled body was lying between the rails; the flesh was warm and bloody, and the body was still quivering.  Defendant introduced no testimony.

The court, over the objections of plaintiff's counsel, gave the following instruction:

"Instruction No. 2. The burden of proof is upon the plaintiff to show that the employees of the defendant in charge of the engine pulling the train which killed the dog carelessly, negligently or wilfully ran over the dog, before you would be authorized to find for the plaintiff."

And the court refused to give the following instruction requested by the plaintiff:

"Instruction No. 1. Gentlemen of the jury, you are instructed that dogs are personal property, for the negligent killing of which railroad companies are liable, although the dog may not have been assessed for taxes, if the proof shows that the dog was valuable, and the proof that the dog was killed by the running of defendant's train is *prima facie* evidence of negligence on the part of the company; and that circumstantial evidence is sufficient to prove the killing of the dog. The burden is on the defendant company to show that it was not negligent."

Thus it is seen that the court instructed the jury that the burden of proof was on the plaintiff to establish negligence on the part of defendant, and refused to instruct the jury as requested by the plaintiff that proof of the killing of the dog by the running of the train made a *prima facie* case of negligence, and that the burden was on the defendant to show that there was no negligence. These rulings of the court were incorrect.

This court has decided that the statute which declares that the killing of stock on any railroad track "shall be *prima facie* evidence that it was done by a train" (Crawford & Moses' Digest, § 8574) applies only to livestock, and does not apply to the killing of a dog. (*El Dorado & Bastrop Ry. Co.* v. *Knox*, 90 Ark. 1), but that the statute (Crawford & Moses' Digest, § 8562) which declares that railroads operating in this State "shall be responsible for all damages to persons and property done or caused by the running of trains" applies to all property, and that in an action to recover

damages for the killing of a dog by the running of a train, proof that the dog was killed by the train constitutes *prima facie* evidence of negligence and places the burden on the defendant to prove that there was no negligence. *El Dorado & Bastrop Ry. Co.* v. *Knox, supra; St. L. I. M. & S. Ry. Co.* v. *Rhoden,* 93 Ark. 32; *Taylor* v. *St. L. I. M. & S. Ry. Co.,* 116 Ark. 47; *Davis* v. *Parrish, ante,* p. 338.

The verdict of the jury might have been induced by the erroneous instruction, or failure to give the correct refused instruction, hence the error of the court was prejudicial.

The judgment is therefore reversed, and the cause remanded for a new trial.