WASHINGTON v. HAMER.

Opinion delivered November 17, 1924.

1. APPEAL AND ERROR—ORDER GRANTING NEW TRIAL.—An order granting a new trial will not be reversed on appeal where there is substantial conflict in the evidence.

2. APPEAL AND ERROR—ASSIGNMENT OF ERROR.—Where, on conflicting evidence, a judgment rendered in favor of plaintiff was set aside on the ground assigned in the motion for a new trial that the evidence was insufficient to support the verdict, the contention of plaintiff on appeal that excessiveness of the verdict was waived by not being specified in the motion for new trial was without merit.

Appeal from Crawford Circuit Court; *James Cochran,* Judge; affirmed.

*Cravens & Cravens,* for appellant.

The basis of the order of court granting a new trial was that the verdict was excessive. That the damages were excessive, was not alleged in the motion for new trial, as one of the grounds thereof. A failure to set up any ground ruled upon in the motion for new trial constitutes a waiver of such ground. 75 Ark. 534; 149 Ark. 55; 42 Ark. 528; 39 Ark. 387; 25 Ark. 49.

*D. H. Howell,* for appellee.

McCULLOCH, C. J. Appellant sued appellee to recover the sum of $212.50, alleged to be due for services rendered under contract. He alleged in his complaint that appellee entered into a contract with him to pay him fifteen dollars per month for feeding and caring for stock on appellee's farm for a period of one year, and also for certain other items alleged to be due for other services performed—for two days spent in hunting a mule, and for two days' work on the public road in place of appellee, and for certain services performed as a blacksmith. Appellee filed an answer denying that he had contracted with appellant to pay him by the month for looking after stock on his farm, or that he was indebted to appellant for the other items set forth in his complaint.

Appellant testified at the trial that he and appellee met in front of the postoffice at Alma, and that appellee entered into an oral contract with him to work on appellee's farm for twelve months at fifteen dollars per month, to feed and care for the stock. He testified that he performed the services according to the contract, and had not been paid therefor. Appellant did not testify concerning the other items set forth in his complaint, but, on cross-examination, stated that appellee paid him five cents per hour more than he paid other hands on the place. Other witnesses introduced by appellant testified that they heard the alleged contract between the parties, and that appellant's version of the contract was correct.

Appellee testified as a witness in the case, and denied that he had hired appellant to work on his farm or to

pay him by the month. He testified, in substance, that appellant went on his (appellee's) farm under an agreement to make a share-crop, and that he agreed to pay appellant twenty-five cents per hour for all work performed while not working in his own crop, and that this was five cents per hour more than he paid other hands on the place, and that this extra amount was for appellant caring for the stock in the pasture or changing them from one pasture to another. He stated that he furnished two mules to appellant to work in the crop, and that appellant did not care for the other mules on the place.

The jury returned a verdict in favor of appellant for the recovery of $180. Appellee filed a motion for a new trial, and, on the hearing of the motion, the court held that the motion should be sustained unless appellant would enter a *remittitur* down to fifty dollars, which appellant refused to do, and the court then made an order setting aside the verdict and granting a new trial. Appellant took an appeal to this court, and filed a stipulation in accordance with the statute (Crawford & Moses' Digest, § 2129) consenting that, "if the order be affirmed, judgment absolute shall be rendered against the appellant."

There was a sharp conflict in the testimony upon the issues presented in the pleadings, and it was within the province of the jury, in the first instance, and with the court in passing upon the motion for a new trial, to determine the weight of the evidence. In neither case will this court on appeal disregard the finding of the jury or court on conflicting evidence. We have decided that, on appeal from an order of court granting a new trial, "this court will not reverse the ruling of the lower court, in setting aside a verdict, where there is substantial conflict in the evidence upon which the verdict was rendered, but will leave the trial court to determine the question of preponderance." *Taylor* v. *Grant Lumber Co.,* 94 Ark. 566; *Blackwood* v. *Eades,* 98 Ark. 304; *McDonnell* v. *St. L. S. W. Ry. Co.,* 98 Ark. 334.

There was a sharp conflict in the testimony, appellant contending that the contract was for payment for services at fifteen dollars per month for a year, whereas appellee testified that, under the contract, he was only to pay appellee by the hour for extra services rendered. The court, in effect, found against the contention of appellant that, under the contract, he was entitled to compensation by the month, but that he had earned a certain amount of compensation under the contract for payment for services by the hour, as contended for by appellee, and, in accordance with this finding, the court offered to overrule the motion for a new trial if appellant would enter a *remittitur,* which was refused. There was nothing left then for the court to do, under its findings that the verdict was against the preponderance of the evidence, except to set aside the verdict and grant a new trial.

It is contended by counsel for appellant that the excessiveness of the verdict was waived by not being specified in the motion for a new trial. This contention is based upon the statute (Crawford & Moses' Digest, § 1311), which provides that excessive damages ''appearing to have been given under the influence of passion or prejudice'' may be assigned as grounds for a new trial. The question of excessive damages is not involved, for this is a suit on a contract for services rendered. It is a question of the sufficiency of the evidence, and this was duly assigned in the motion for a new trial.

It follows from what we have said that the order of the court granting a new trial should not be disturbed, there being a conflict in the testimony. The order is therefore affirmed, and judgment absolute will be rendered here against appellant's right to recover in the action.