HOLLOMAN *v.* MISSOURI PACIFIC RAILROAD COMPANY.

Opinion delivered February 22, 1926.

1. APPEAL AND ERROR—PRESUMPTION IN FAVOR OF JUDGMENT.—Where no appeal was taken from an order setting aside a verdict in favor of the plaintiff, on a subsequent appeal by plaintiff from an adverse judgment the Supreme Court, in the absence of the evidence, will presume that the prior verdict was contrary to the preponderance of the evidence.

2. RAILROADS—INSTRUCTION—DUTY TO KEEP LOOKOUT.—In an action against a railroad company for negligently running over a dog, it was not error to refuse to instruct as to the duty of the railroad company to keep a lookout for persons and animals on its track where there was neither allegation nor proof of a failure to keep a lookout.

3. RAILROADS—DUTY TO KEEP LOOKOUT.—In an action against a railroad company for negligently killing a dog, where there was no allegation of a failure of defendant's trainmen to keep a lookout, it was not error to amend an instruction as to defendant's duty to blow its whistle, etc., by adding the words, "after discovering the peril of the dog."

Appeal from Phillips Circuit Court; *E. D. Robertson,* Judge; affirmed.

*A. D. Whitehead,* for appellant.

*Thomas B. Pryor* and *Daggett & Daggett,* for appellee.

SMITH, J. Appellant, the plaintiff below, brought suit in the Phillips Circuit Court on April 7, 1923, to recover the value of a dog killed by one of the defendant railroad company's trains. On May 2, 1923, the defendant filed a motion to make the complaint more specific. This motion was confessed, and the complaint was amended, and the defendant was given twenty days in which to file an answer. The answer was not filed within the time limited nor until the first day of the ensuing

term of court, at which time the plaintiff moved to strike the answer from the files. This motion was granted, and the answer was stricken from the files, but later that order was set aside and the answer was filed, and a trial was had before a jury, which resulted in a verdict for the plaintiff for the sum of $75. The defendant filed a motion for a new trial, which was granted, and at a subsequent term of the court there was a second trial before a jury, which resulted in a verdict and judgment for the defendant, from which is this appeal.

For the reversal of the judgment it is insisted that the court erred in setting aside the first verdict, and in giving and in refusing to give certain instructions, and in the admission of certain testimony.

Considering these assignments of error in the order stated, it may be first said that no appeal was taken from the judgment of the court granting a new trial upon the first trial. It may be further said that the motion of the defendant, upon which the order granting a new trial was made, assigned, among other errors, that the verdict of the jury was contrary to the evidence in the case. This evidence is not before us, and so far as the present record shows the court may have properly concluded that the verdict was, in fact, contrary to the evidence.

In the case of *Washington* v. *Hamer,* 166 Ark. 273, we said that "this court will not reverse the ruling of the lower court, in setting aside a verdict, where there is substantial conflict in the evidence upon which the verdict was rendered, but will leave the trial court to determine the question of preponderance."

It follows therefore that we could not reverse the present judgment, on account of the action of the court in granting a new trial, even though the evidence was before us, if there was a substantial conflict in the testimony, and that presumption must be indulged, especially so as no appeal was taken from the order granting a new trial.

Notwithstanding the fact that the motion had been sustained to make the complaint more definite and cer-

tain, the only acts of negligence alleged were (a) failure to give warning of the approach of the train by opening the cylinder cocks in order to frighten the dog from the track; (b) failing to blow the whistle or ring the bell; (c) failure to stop the train after the presence of the dog on the track was discovered.

The engineer in charge of the train which killed the dog was not present at the trial, but it was stipulated that if he were present he would testify that at the time the dog was killed the fireman was putting in a fire and was not keeping a lookout, but the witness, the engineer, was keeping a lookout, and the dog came on the track from the fireman's side about forty or fifty yards in front of the train, which was running about thirty miles per hour; that as soon as witness saw the dog he knew the train could not be stopped, so he blew two or three short blasts of the whistle in an endeavor to scare the dog off the track, but the dog ran a short distance with the train and was struck and killed, and there was nothing else which could have been done to prevent striking the dog. Witnesses for the plaintiff testified that the whistle was not blown.

Plaintiff requested an instruction to the effect that it was the duty of the defendant company to keep a constant lookout for persons and animals upon its tracks. This is, of course, the law, as it is the duty of a railroad company to keep this lookout for dogs as well as for other property. *St. L. I. M. & S. R. Co.* v. *Rhoden,* 93 Ark. 29. But there was no allegation in the complaint that the defendant railroad company had failed to keep a lookout, nor was any testimony offered that a lookout was not kept, and it was not error, therefore, to refuse to submit an issue not raised by the pleadings.

Plaintiff asked an instruction which told the jury that it was the duty of the servants and agents of the railroad company in charge of the train to use ordinary care to avoid killing the plaintiff's dog, by blowing the whistle, etc. The court modified this instruction by

adding the words, "after discovering the peril of the dog", and error is assigned in thus modifying the instruction.

Under the allegations of the complaint this modification was not error, for the reason, as has been stated, that it was not alleged that there was any failure to keep a lookout, and if a proper lookout were kept—and there is no allegation to the contrary—there could have been no negligence until the presence of the dog was discovered, and the instruction given required the defendant to exercise care from that moment.

When the agreed statement as to what the testimony of the absent engineer would be was offered in evidence, plaintiff objected to its introduction, for the reason that the answer did not allege that the train was running at a speed of thirty miles per hour or that any effort was made to scare the dog off the track. The answer did deny, however, that the defendant railroad company was guilty of any negligence, and we think the testimony of the engineer was competent as tending to support that allegation and to rebut the statutory presumption of negligence arising from the fact that the dog was killed in the operation of a train.

We find no error in the record as made, and the judgment is therefore affirmed.