MISSOURI PACIFIC RAILROAD COMPANY *v.* GREEN.

Opinion delivered December 20, 1926.

1. RAILROADS—LIABILITY FOR KILLING UNASSESSED DOG.—The owner of a dog which had not been assessed for taxation may recover for its killing by a railroad train, since the failure to assess does not prove that the dog was of no value.

2. TRIAL—INSTRUCTION SINGLING OUT CIRCUMSTANCE.—An instruction that a failure to assess a dog which was struck by defendant's train was a circumstance to be considered in determining its value, was properly refused as singling out a circumstance for the jury's consideration for a particular purpose.

3. RAILROADS—LOOKOUT FOR DOGS.—A railroad company is under a duty to keep a lookout for dogs on its tracks.

4. RAILROADS—PRESUMPTION FROM FINDING DEAD DOG ON TRACK.—There is no presumption that a dog was killed by a train because it was found dead on the track.

5. RAILROADS—KILLING OF DOG—EVIDENCE.—Evidence *held* to warrant finding that a dog found dead on a railroad track was killed when struck by a train.

6. RAILROADS—KILLING OF DOG—BURDEN OF PROOF.—Proof that a dog found dead upon a railroad track was killed by the train *held* to cast upon the railroad the burden of showing that the animal was not negligently killed.

7. TRIAL—ABSTRACT INSTRUCTION.—An instruction that a railroad company was not liable for the killing of a dog coming on the track at a time when those in charge could not discover its presence in time to avoid striking it was properly refused where there was neither pleading nor evidence on which to predicate it.

8. EVIDENCE—MARKET VALUE.—Testimony as to the market value of similar dogs in a nearby town is competent to aid the jury to determine the market value of a dog killed by a train.

Appeal from Hot Spring Circuit Court; *Thomas E. Toler*, Judge; affirmed.

*Richard M. Ryan* and *E. B. Kinsworthy*, for appellant.

SMITH, J. Appellee recovered judgment against the appellant railroad company for $25 damages for killing a dog owned by him, and the railroad company has appealed.

For the reversal of the judgment it is insisted that there was no testimony showing that the dog was killed by the railroad company, and that the court erred in giving certain instructions and in refusing others, and in the admission of certain testimony.

On behalf of appellee a section-hand employed by the railroad testified that he lived near the railroad track, and that, during the night, he heard a dog howling on the track. The next morning appellee's dog was found dead between the rails of the track. The dog did not appear to be mutilated, but blood had run out of its mouth or nose, and appellee testified that he examined the place where the dog was found, and discovered some blood and hair on the track.

An instruction was asked by the railroad company to the effect that appellee could not recover anything for the dog unless he had assessed it for taxation, and, in another instruction, the court was asked to tell the jury that the failure to assess the dog was a circumstance to be considered in determining whether the dog was valuable or worthless.

The first of these instructions was properly refused, because, as was said in the case of *El Dorado & Bastrop*

*Ry. Co.* v. *Knox,* 90 Ark. 1, 117 S. W. 779, "the fact that the dog was not assessed did not prove that the dog was of no value, especially when the undisputed evidence shows that the dog was valuable."

The other instruction was properly refused because it singled out a circumstance which the jury was told to consider for a particular purpose. Such instructions are always objectionable and should never be given.

An instruction was asked to the effect that the railroad company was under no duty to keep a lookout for dogs on the track. We have held otherwise. *Holloman* v. *Mo. Pac. Rd. Co.,* 170 Ark. 573, 280 S. W. 22.

Other instructions requested by the railroad company which were refused were to the effect that, even though the dog was found dead on the track, it must also be shown that the dog was struck by a train, and that the striking and death of the dog was due entirely to the negligence of the railroad company; and that, if the dog went upon the track at a time and place when and where those in charge of the train could not and did not discover its presence in time to avoid striking it, the verdict should be for the railroad company, even though the dog was killed by a train.

The appellant railroad company asked an instruction numbered 6, and excepted to the refusal of the court to give it. This instruction reads as follows: "You are instructed that the fact that a dog was found upon defendant's tracks raises no presumption of negligence against the defendant, and the burden is upon the plaintiff to prove by a fair preponderance of the proof that said dog was struck by defendant's train or engine."

The court gave, over the objection of appellant, an instruction numbered 2, which reads as follows: "You are instructed that, when an animal is found on the railroad track, dead, and the circumstances of the killing are sufficient to show that said animal was killed by the operation of a train, the burden is upon the railroad company to show that such animal was not negligently killed, and,

if it fails to do this by a fair preponderance of the evidence, it would be liable for such killing.''

We think it will sufficiently appear from the discussion of instruction numbered 6, which was refused, and instruction numbered 2, which was given, that no error was committed in refusing to give the other instructions just referred to.

There was no presumption that the dog was killed by a train because it was found dead on the track, and instruction numbered 2 does not state that there was any such presumption. The burden was upon appellee to show that the dog was killed by a train. It was not essential, however, that this fact be established by an eye-witness. This was a fact which might have been established as a reasonable and probable inference from other facts disclosed by the testimony. Here a dog was heard howling during the night on the railroad track. It is true the witness who testified to that fact did not testify that he heard a passing train at the time, but he did testify that trains ran by his house that night. The dog was found dead between the rails, and, while not mutilated, blood had run from the mouth or nose of the dog. Near the same place where the dog was found, blood and hair were also found. We think these circumstances warranted a finding by the jury that a train struck the dog. Instruction 2 left the question to the jury whether the circumstances were sufficient to show that the dog was killed by a train. That fact being found affirmatively, the instruction declared the burden was then cast upon the railroad company to show that such animal was not negligently killed, and, if it failed to do so, it would be liable for killing the dog. The law has been so declared in numerous decisions of this court.

Having proved facts and circumstances from which the jury found that a train had killed the dog, the plaintiff had made a *prima facie* case, and was not required to show that this had been negligently done. The court was correct therefore in refusing to charge that appellee was required to show that the death of the dog was due

to the negligence of the railroad company. If a train killed the dog, no explanation of the killing was made. The court was correct therefore in refusing to charge the jury that, if the dog came upon the track at a time and place when those in charge of the train could not and did not discover its presence in time to avoid striking it, to find for the defendant railroad company. No such defense was made, and there was no testimony upon which to predicate the instruction.

The instruction on the measure of damages told the jury that, "if you find from a fair preponderance of the evidence in this case that the defendant company negligently killed the plaintiff's dog by the operation of one of its trains, your verdict should be for the plaintiff," and the jury was directed, upon making that finding, to assess the damages at the market value of the dog.

A fair interpretation of the instruction given is, we think, that the jury was required to find that a train killed the dog, but that, if this fact were found from the circumstances in proof, the burden then devolved upon the railroad company to show that it was not negligent in striking the dog, and no attempt was made to show how the dog was struck. This being true, there was no error in refusing to give instruction numbered 6, set out above.

Several witnesses testified as to the market value of the dog, and no one placed it at less than $25. One witness testified that similar dogs sold in a nearby town for $50. This testimony was not improper in aiding the jury to determine what the market value of the dog was at the time and place it was killed.

No error appears, so the judgment is affirmed.