NASSIE O. COKER, a widow, v. A. C. ROGERS, INC., a corporation

26 So. (2nd) 164                                    January Term, 1946

May 14, 1946                                              En Banc

*C. J. Hardee* and *R. T. Barber,* for appellant.

*McKay, Macfarlane, Jackson & Ferguson,* for appellee.

PER CURIAM:

The questions on this appeal are stated in the opinion prepared by Mr. Justice ADAMS which will be published and, therefore, it is not necessary to repeat them here.

A majority of the court is of the view that the remittitur required by the court below to prevent an order for a new trial was excessive and that a remittitur in the sum of $7,500.00 was as much as is warranted by the facts disclosed by the record.

It is, therefore, ordered, adjudged and decreed that the order of the lower court entered on the 4th day of December, 1944, be modified so as to allow a remittitur in the sum of $7,500.00 and thereupon the judgment stand affirmed in the sum of $12,500.00 as of the date of entry thereof.

So ordered.

CHAPMAN, C. J., TERRELL, BROWN, BUFORD and SEBRING, JJ., concur.

THOMAS and ADAMS, JJ., dissent.

THOMAS, J., dissenting:

I dissent because I think the judgment should be affirmed outright.

ADAMS, J., dissenting:

There is before us for review the following order:

"This is an action for wrongful death of the plaintiff's husband, alleged to have been caused by the negligence of the defendant. At the first trial the jury found the defendant guilty of negligence and assessed the plaintiff's damages at the sum of Twenty-five Hundred ($2,500.00) Dollars, which upon motion of the plaintiff was set aside as being inade-

quate. At the second trial the jury also found the defendant guilty of negligence and assessed damages in the sum of Twenty Thousand ($20,000) Dollars, and this cause now comes on to be heard upon the defendant's motion for new trial among the grounds being that the verdict is excessive. Two juries, on practically the same evidence each time, have found the defendant guilty of negligence, so that this question may now be said to be foreclosed, and there remains the question of the appropriate amount of the damages that the plaintiff is entitled to. The rule is laid down in Diana v. S. A. L. Railway, 106 So. page 416, 90 Fla. page 558, and the jury in each instance was instructed accordingly. It is difficult to reconcile such a divergence in the views of the respective juries in the amount of the damages awarded on practically the same evidence. The award of Twenty Thousand ($20,000) Dollars is just as much excessive as the original award was inadequate. Under the evidence in this case the present value of the plaintiff's damages could not exceed Ten Thousand ($10,000.00) Dollars, it is thereupon,

"ADJUDGED AND ORDERED that upon the plaintiff filing a remittitur in the sum of Ten Thousand ($10,000.00) Dollars with the Clerk of this Court within ten (10) days from this date, the defendant's motion for new trial shall stand denied, and upon the failure of the plaintiff so to do, the defendant's motion for new trial will be granted, the verdict set aside and a new trial ordered, at which time the issue shall be limited to the amount of damages to be awarded the plaintiff."

The plaintiff declined to enter the remittitur and thereafter the Court granted a new trial and limited the issue to damages only. The plaintiff appealed and the defendant has filed cross assignments of error.

Defendant insists there is no liability. The writer is not impressed with this contention. Two juries found against him and their conclusion has been approved by the trial judge and from our review of the evidence, we find it ample to sustain the verdict on the question of liability.

Defendant has assigned error because the Court submitted the third count in the declaration to the jury. In this court

plaintiff relies on a traffic ordinance of the City of Tampa which restricts the speed of motorists to 15 miles per hour in, or adjacent to, public parks. This collision occurred at, or near, such a restricted area, at 6:45 on a rainy morning when no one was in the park. Defendant's driver did not see the park. Plaintiff's husband was a motorist who was not going to or from the park.

It is defendant's contention that the ordinance was enacted for the protection of the users of the park and its violation would not avail a motorist using the adjacent streets. So far as we know this question has never been presented to this Court. The reasoning of defendant seems to stem from a premise that the ordinance lays a duty upon motorists not to exceed a given speed rate and this duty extends only to that class of persons frequenting the park, or those for whose protection the ordinance was enacted. The writer is unable to accept this theory. We have said that a violation of a traffic law is prima facie negligence and the evidence of a violation is admissible when it proximately contributes to the injury. Allen v. Hooper, 126 Fla. 458, 171 So. 513. The city ordinance here is a declaration of public policy duly enacted into law for the protection and safety of the general public. We are wedded to the general principle that all who come before the law are equal; that all shall be governed by the same standard. All persons are presumed to know the law and likewise assume that the law will be obeyed. Therefore, the deceased had every right to assume that the traffic ordinance would be obeyed.

That part of the order which has met with disfavor by both parties relates to the amount of damages, Defendant insists that $10,000.00 is still excessive; plaintiff insists that $20,000.00 is not excessive.

Ordinarily an order entered on a motion for a new trial is somewhat discretionary and will not be disturbed unless an abuse is shown. The trial judge said, "Under the evidence in this case the present value of the plaintiff's damages could not exceed $10,000.00." It, therefore, appears that the trial judge was not just selecting an arbitrary figure or compromising the two verdicts or pitting his judgment against the

jury, but he was allowing the verdict to stand in the highest amount the law would sanction. A review of this ruling requires an examination of the evidence, and necessarily in its most favorable light to the plaintiff in view of the other well known rule favoring the jury's verdict.

Plaintiff and deceased had been married forty-three years. Deceased was 59 years of age and in fair health. He was engaged in the poultry and produce business earning from $35.00 to $45.00 per week. Plaintiff was 65 years of age. They had reared their family; owned a home and had accumulated several hundred dollars in a savings' account. Their home life was normal and pleasant. According to the American experience table of mortality, the plaintiff had a life expectancy of 11.67 years; deceased had an expectancy of 14.74 years. Plaintiff's recovery is limited to their joint expectancy, not in any event to exceed her own. So the question now narrows, in a measure, to what would be the limit of recovery under the stated facts. Taking the figure of $35.00 per week for 11.67 years of expectancy, we arrive at a figure of approximately 21,239.40. The widow is not entitled to the gross earnings of deceased. We have said that she might not expect more than 50% of his gross earnings. The F. C. & P. R. R. Co. v. Foxworth, 45 Fla. 278, 34 So. 270. Reducing the income by half we get $10,619.70. By applying the rule in F. C. & P. R. R. Co. v. Foxworth, supra, we might allow an additional sum, not to exceed the monetary loss, for loss of comfort, society and protection of which the widow would be deprived. The total allowance then for both monetary loss and the loss of comfort, society and protection would total $21,239.40. Reducing this to its present value by using the legal rate of 8% (Sec. 687.01, F.S. '41, F.S.A.) we get a figure of $11,333,36. Add to this interest at 8% from the date of the accident (June 26, 1943) to date of verdict (November 8, 1944) we have a sum total of $12,567.38.

In reducing the amount of recovery to its present value we proceed on the assumption that the plaintiff is being paid 11.67 years in advance, rather than so much each week as she would have received had her husband lived. By virtue of this advance payment she is actually getting the use of the

money in advance during one half of that period of time and defendant is being deprived of the money for a like period, and for that reason the award must be reduced to offset the use value of the advanced payment, such computation to be made on a basis of the statutory rate of 8%.

This is the maximum the plaintiff may recover when every inference is made in her favor relative to future health and earning ability of deceased as well as loss of comfort, society and protection. When this amount is so near the figure arrived at in the order granting the motion for a new trial, coupled with the probable lack of ability to continue earning, the writer is not constrained to disturb the order appealed from.

In the consideration of this question the writer has been governed by the opinions of this Court in Duval v. Hunt, 34 Fla. 85, 15 So. 876; F. C. & P. Ry. Co. v. Foxworth, 41 Fla. 1, 25 So. 338, F. C. & P. R. R. Co. v. Davis, 45 Fla. 276, 34 So. 218 and Cudahy Packing Co. v. Ellis, 105 Fla. 186, 140 So. 918. The only deviation to be found is, that in this case, interest was computed from the date of the wrongful act to date of the verdict on the amount which could be recovered after reducing it to its present value rather than the gross amount. The writer thinks the latter rule conforms to a just standard.

An 8% figure in reducing the money to its present value was recently used by us in determining the present value of a 99 year lease. See Dundee Corporation v. Lee, 156 Fla. 699, 24 So. (2nd) 234 and Sec. 687.01, F.S., supra.